## *Ex parte* J. H. Stumpff, Sr.

(Filed Feb. 8, 1900.)

Bankruptcy—*Appeal From the District Court—Will Not Lie, When.* An appeal from a district court in a territory, in a matter in bankruptcy, will lie to a territorial supreme court only, (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500, or over. Subdivision b, of sec. 24, of the bankruptcy law, which provides that, "The several circuit courts of appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction," and that "Such power shall be exercised on due notice and petition by any party aggrieved," does not apply to the supreme courts of the territories, but by the express provisions thereof is confined to circuit courts of appeals of the United States, and although the circuit courts of appeals, under this subdivision of section 24, have power to superintend and revise in matter of law all orders, either interlocutory or final, of the several inferior courts of bankruptcy within their respective jurisdictions, the supreme courts of the territories are not granted such power.

(Syllabus by the Court.)

*Appeal from the District Court of Logan County; before Jno. H. Burford, District Judge.*

W. E. *Earl*, for appellant.

No appearance for appellee.

Opinion of the court by

Burwell, J.:    J. H. Stumpff, Jr., was adjudged a bankrupt by the district court of Logan county, and the matter was referred to the referee in bankruptcy for

that county. The appellant, J. H. Stumpff, Sr., pre-
sented a claim for $200 for services performed within
the last three months prior to the filing of the petition,
and for $62.93 for services performed prior to that
period. Both of these claims were disallowed by the
referee, and the claimant appealed to the district court,
which allowed both claims against the estate of the
bankrupt, but refused to allow the $200 claim as a pref-
erence claim against the estate. From this order the
claimant appealed to this court, praying a reversal of
the judgment of the court below.

Section 24 of the bankruptcy act provides that: "The
supreme court of the United States, the circuit courts
of appeals of the United States, and the supreme courts
of the territories, in vacation in chambers, and during
their respective terms, as now or as they may be here-
after held, are hereby vested with appellate jurisdiction
of controversies arising in bankruptcy proceedings
from the courts of bankruptcy, from which they have
appellate jurisdiction in other cases.    The supreme
court of the United States shall exercise a like jurisdic-
tion from courts of bankruptcy not within any organized
circuit of the United States, and from the supreme court
of the District of Columbia." (b) "The several circuit
courts of appeal shall have jurisdiction in equity either
interlocutory or final to superintend and revise in mat
ter of law the proceedings of the several inferior courts
of bankruptcy within their jurisdiction.    Such power
shall be exercised on due notice and petition by any
party aggrieved."

Section 25 is as follows:    (a) "That appeals, as in
equity cases, may be taken in bankruptcy proceedings

from the courts of bankruptcy to the circuit courts of appeal of the United States and to the supreme courts of the territories, in the following cases, to-wit:    (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of $500 or over.   Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

It has been held, under subdivision b, of sec. 24, that the circuit courts of appeal have jurisdiction in equity, to superintend and revise in matter of law, the proceedings of the several inferior courts of bankruptcy within their jurisdiction, even though the amount involved is less than $500, and that such jurisdiction applies to an interlocutory order as well as to a final judgment.   But subdivision b, of section 24, of the bankruptcy law, applies only to circuit courts of appeal, and has no application whatever to the supreme courts of a Territory. By it the circuit courts of appeal are given the right to superintend and revise in matter of law the proceedings of the several inferior courts within their respective jurisdiction, but this provision is confined to the circuit courts of appeal.

Under subdivision a, of section 24, the supreme court of the United States, the circuit courts of appeal of the United States and the supreme courts of the territories are invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction

in other cases, and subdivision a, of section 25, provides under what circumstances and conditions an appeal will lie to the circuit courts of appeal of the United States, and to the supreme courts of the territories, and under this section an appeal will lie to the supreme court of the territory in the following cases only: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge, and (3) from a judgment allowing or rejecting a debt or claim of $500 or over.

The amount involved in this appeal is less than $500; therefore, under the provisions of section 25, of the bankruptcy law, this court has no appellate jurisdiction and the same must be dismissed.

It is therefore ordered that the appeal be, and the same is hereby, dismissed, at the cost of the appellant; and that a mandate issue from this court to the district court of Logan county in conformity herewith.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.