[Civil No. 960.  Filed March 22, 1907.]

[89 Pac. 516.]

In the Matter of the Bankruptcy of the AMERICAN COP-
    PER COMPANY.  BENJAMIN BLANCHARD et al.,
    Plaintiffs and Appellants.

1.  BANKRUPTCY—APPEAL—PETITION FOR REVIEW—TERRITORIAL COURTS
    —JURISDICTION—BANKRUPTCY ACT JULY 1, 1898, CHAP. 541, 30 STAT.,
    SECS. 24B AND 25A (U. S. COMP. STATS. 1901, P. 3432), CONSTRUED.—
    Section 25a confers jurisdiction upon the supreme court of the ter-
    ritories in appeals as in equity case of bankruptcy proceedings in
    the following cases: From a judgment adjudging or refusing to ad-
    judge the defendant a bankrupt; from a judgment granting or deny-
    ing a discharge; and from a judgment allowing or rejecting a debt
    or claim of $500 or over.  Section 24b, *supra*, provides that the
    several circuit courts of appeals shall have jurisdiction in equity,
    either interlocutory or final, to superintend and revise in matters of
    law the proceedings of several inferior courts of bankruptcy within
    their jurisdiction.  *Held*, that the supreme court of the territory has
    no jurisdiction to hear an appeal from an order of the district court
    denying the right of petitioners to intervene, and denying the ap-
    plication to set aside the adjudication in bankruptcy, as it does not
    follow within any of the cases embraced in section 25a, and neither
    has the jurisdiction to hear the petition in review, as under section
    24b, *supra*, said petition in review should be addressed to the proper
    circuit court of appeals.

APPEAL from an order refusing to vacate the adjudica-
tion of bankruptcy in the District Court of the Fourth Judi-
cial District, in and for the County of Yavapai.  Richard
E. Sloan, Judge.

Robert E. Morrison, Fitch & Anderson, E. S. Clark, and
J. E. Morrison, for Appellants.

Hawkins & Ross, for Appellees.

KENT, C. J.—On February 7, 1905, upon an involuntary
petition filed by certain creditors named in the citation, the
American Copper Company was adjudged a bankrupt in the
court below.  Thereafter, and on March 25, 1905, Benjamin
Blanchard and the Howell Mining Company filed a petition
in the court below, praying that the judgment theretofore

entered declaring and adjudicating the American Copper Company a bankrupt, and all subsequent orders relating thereto and proceedings had in the matter, be vacated and set aside, and for an order allowing the petitioners to intervene and plead to the involuntary bankruptcy petition. After a hearing upon such petition, the trial court, on the nineteenth day of December, 1905, entered an order denying the application of the petitioning creditors that the adjudication be set aside and the petitioners allowed to intervene and plead to the bankruptcy petition. From this order of the trial court, dated December 19, 1905, denying the petition and application to vacate the adjudication, Benjamin Blanchard and the Howell Mining Company have appealed to this court, and have also filed a petition for review of said order.

The appellees, the creditors named in the original citation, have filed motions in this court to dismiss the appeal and the petition for review for want of jurisdiction in this court to entertain them. The jurisdiction of this court to review by appeal proceedings in bankruptcy is prescribed and limited by section 25a of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. Stats. 1901, p. 3432]), which provides as follows: "Sec. 25a. That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the circuit court of appeals of the United States, and to the supreme court of the territories, in the following cases, to wit, (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be." The appeal in this instance is an appeal from an order of the district court denying the right of the petitioners to intervene, and denying the application to set aside the adjudication in bankruptcy, and not an appeal from the judgment of bankruptcy itself. It does not fall within any of the cases embraced in section 25a, and the order of the district court complained of is not the subject of review by this court upon appeal. *In re McCasland and Leftwich,* 16 Okl. 499, 85 Pac. 1118; *In re Ives,* 113 Fed. 911, 51 C. C. A. 541.

By section 24b of the bankruptcy act, Congress has provided a method of review in matters of law of the proceedings of an inferior bankruptcy court. This section is as follows: "Sec. 24b. The several circuit courts of appeals shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved." But this section, while providing a right and method of review of the proceedings of the district court, does not give jurisdiction to the supreme court of a territory to so review such proceedings upon a petition for review; but in such instance the court exercising the appellate jurisdiction is the circuit court of appeals for the circuit embracing the territorial district court in which the proceedings have been had. There is no provision in the bankruptcy statute which countenances a petition of review addressed to the supreme court of a territory. *Plymouth Cordage Co.* v. *Smith*, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992; *Ex parte Stumpff*, 9 Okl. 639, 60 Pac. 96. The petition for review in this instance should have been addressed to the circuit court of appeals for the ninth circuit, and not to the supreme court of Arizona; and this court is without jurisdiction to entertain such petition.

The motions to dismiss the appeal and the petition for review, for want of jurisdiction in this court to entertain them, are granted, and it is so ordered.

DOAN, CAMPBELL and NAVE, JJ., concur.