BLANCHARD et al. v. AMMONS et al.

In re AMERICAN COPPER CO.

(Circuit Court of Appeals, Ninth Circuit. December 5, 1910.)

No. 1,722. .

BANKRUPTCY (§ 444*)—PETITION FOR REVISION—TIME FOR FILING.

Petitioners presented two petitions to the District Court to set aside an adjudication of bankruptcy against a corporation containing the same allegations, but one signed as stockholders and the other as creditors. Demurrers to both petitions were argued and sustained, but the order entered referred to but one of the petitions. From such order petitioners appealed to the Supreme Court of the territory, where their appeal was dismissed. Three years after the order was entered, petitioners called the attention of the court to the fact that one petition had not been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

passed on, and thereupon it entered an order dismissing the same, reciting that the issues presented had in fact been determined on the former hearing, and that the order then made was intended to cover both petitions. Petitioners then presented a petition to revise the latter order to the Circuit Court of Appeals. In the meantime the property of the corporation had been sold, and its assets distributed in bankruptcy. *Held* that, under the rule that petitions for revision must be filed within a reasonable time, such petition was too late, the matter sought to be reviewed having been disposed of three years before, and the omission of the order to so state being one to which the petitioners should have promptly called the court's attention if they desired to review it.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 444.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Petition for Revision of Proceedings of the District Court of the Fourth Judicial District of the Territory of Arizona.

In the matter of the American Copper Company, bankrupt. Petition to revise an order of the District Court. Petition dismissed.

On June 7, 1909, the petitioners presented in this court their petition to revise in matter of law proceedings of the territorial district court of Arizona in bankruptcy. They alleged that on January 25, 1905, a petition in involuntary bankruptcy was filed against the American Copper Company, a corporation, by creditors thereof, in which it was alleged that the said corporation was insolvent, and that within four months prior thereto it had committed an act of bankruptcy by making a general assignment of all its property in trust for the benefit of its creditors; that service of said creditors' petition was made on the secretary of the corporation who suppressed knowledge of the institution of such proceedings from the stockholders; that the officers and directors of the corporation made no defense to the petition, and that an adjudication of bankruptcy was made on February 7, 1905; that the petitioners herein were then, and are now, the owners of the majority of the stock of the said corporation, and that they first obtained knowledge of the adjudication in bankruptcy on February 11, 1905; that on March 23, 1905, they applied to the District Court for an order setting aside the adjudication on the grounds: First, that the corporation was solvent; second, that the petition of the creditors alleged no act of bankruptcy, and that the instrument alleged to be an act of bankruptcy was not a general assignment for the benefit of creditors, but was a trust deed giving preference to certain creditors; third, that the trust deed was made, the filing of the petition in bankruptcy was induced, the adjudication of bankruptcy was obtained, and an order of sale of the property of the corporation was procured, all in pursuance of a fraudulent conspiracy between the president, the secretary, and certain of the directors of the corporation; that a demurrer was filed to the petition of said stockholders, and thereupon, on April 27, 1909, the demurrer was sustained, and the petition was denied and dismissed. And the petition for revision alleges that the District Court erred in so ruling, and it prays that the order of said court be set aside and held for naught, and that the averments so presented by the petitioners as stockholders to the court below be heard and determined.

The transcript of the record in the court below shows that on the date when the petitioners herein as stockholders presented their petition to the court below they also, as creditors, presented a petition containing the same allegations as were contained in their petition as stockholders, and that both petitions came on for hearing in the District Court, and that on December 19, 1905, the court entered an order denying the application presented by the petitioners as creditors. From that order the petitioners took an appeal to the Supreme Court of the territory of Arizona, and on March 22, 1907, that court dismissed their appeal. In re American Copper Company, 11 Ariz. 36, 89 Pac. 516. The fact that the application and petition in the court below,

which petitioners herein made as stockholders was not in terms adjudicated in the order of December 19, 1905. was not brought to the attention of the court below until April 25, 1909. Two days later the court passed upon the petition and denied the same, but the judgment entry recited "that the decision of the court rendered on the 19th day of December, 1905, was intended by the court, and did determine all issues of law presented to it by both of said petitions on behalf of Ben Blanchard and Howell Mining Company to the demurrers thereto, and said petition as stockholders has not been under advisement by this court since that time, and was wholly decided by this court at that time; that from the date of said decision, to the present time, no suggestion has ever been made to this court by counsel on either side that anything remained in dispute in connection with said petitions, or either of them; that it was intended by the court in its said decision to dispose of all the issues and matters theretofore submitted and pending arising under said petitions and the demurrers thereto, and that if the minute entry of December 19, 1905, appertaining thereto does not in form and effect dispose of the application to set aside the adjudication of bankruptcy heretofore made in these proceedings as prayed for in both said petitions, then such failure and omission to dispose of both said petitions were the result of inadvertence and mistake; that inasmuch as a nunc pro tunc order might result to the disadvantage of petitioners in denying them the full benefit and right of appeal."

E. S. Clark and Robt. E. Morrison, for petitioners.

Jno. J. Hawkins and John Mason Ross, for respondents.

Willard P. Smith, John W. Griggs, and Martin Conboy (Griggs, Baldwin & Pierce, of counsel), amici curiæ.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The petitioners on March 25, 1905, presented to the District Court two petitions and applications to set aside the adjudication of bankruptcy, both applications presenting the same allegations of fact, and seeking the same relief, one of which they signed as stockholders, the other as creditors of the bankrupt. On December 19, 1905, upon a hearing had on both petitions, the court denied the same, but entered an order to that effect only as to the latter petition. From that order the petitioners took their appeal to the Supreme Court of the Territory of Arizona, and on March 22, 1907, their appeal was dismissed (11 Ariz. 36, 89 Pac. 516). More than two years later, and more than three years after the District Court had passed upon their petitions, they suggested to the court for the first time that they considered that their petition as stockholders had not been ruled upon, whereupon the order of the court of April 27, 1909, was made, denying their petition, but reciting that the decision of the court of December 19, 1905, had been intended to determine all the issues of law presented by both petitions, and that since that time the matter had not been under advisement by the court, but had been wholly decided at that time, and that in the meantime no suggestion had been made to the court that anything remained in dispute in connection with said petitions. It appears clearly from the record that the order which the court made on April 27, 1909, should have been nunc pro tunc as of December 19, 1905, and that the matters presented on both petitions were at that time considered and determined by the court. There is no time fixed in the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) within which a petition for revision shall

be presented, but it is the acknowledged rule that it must be presented within a reasonable time. An appeal from the adjudication of bankruptcy is required to be taken within 10 days, and by analogy it would seem that a petition for revision of the adjudication of bankruptcy ought to be taken within a similar time, unless there are circumstances excusing delay. But the courts have generally held that a petition for revision must be presented within six months. Loveland on Bankruptcy, § 313, and cases there cited. There are no circumstances which excuse the delay in this case. All the rights of the petitioners were determined on December 19, 1905. If the petitioners were aware that their petition as stockholders had not been specifically mentioned in the order of the court then made, it was their duty to bring the matter to the attention of the court. They waited more than three years before suggesting that on the record one of the petitions remained undetermined. In the meantime the property of the bankrupt was sold, and distributed among creditors. The petitioners' position as stockholders to attack the adjudication of bankruptcy upon the facts alleged in their petition was no stronger than their position as creditors upon the facts alleged in their creditors' petition. The order which they seek here to revise must be deemed to have been made at the time when both petitions were heard and determined, December 19, 1905. The bankruptcy law contemplates that the bankrupt's estate shall be administered with all convenient dispatch, so that the property may be distributed among the creditors, and the bankrupt discharged from his debts, and that to that end parties litigant shall be alert and active to protect their rights, and to proceed with promptness in asserting the same.

The petition will be dismissed.