In re FRASIN et al.

Petition of BECK.

(Circuit Court of Appeals, Second Circuit. November 11, 1912.)

No. 21.

BANKRUPTCY (§ 268*)—LEASE—SALE BY TRUSTEE—CAVEAT EMPTOR.

Where, on a sale of the interest of a bankrupt's trustee in a lease of the premises occupied by the bankrupt, the purchaser was not deceived, but was expressly informed that the trustee was selling only such title as he possessed, and knew that such title was in litigation, and that the trustee assumed no personal responsibility, and did not warrant the lease or its salability, the purchaser could not recover the money paid therefor, on it being subsequently determined that the trustee had no interest he could convey.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. § 268.*]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York; Learned Hand, Judge.

In the matter of bankruptcy proceedings of Louis Frasin and Abraham H. Oppenheim, individually and as copartners composing the firm of Frasin & Oppenheim. Petition by Samuel Beck to revise an order affirming a referee's order denying a petition by Beck to recover, from the trustee $5,150 for his interest in a lease to the bankrupts of the premises occupied by them in the city of New York. Affirmed.

See, also, 183 Fed. 28, 105 C. C. A. 320, 33 L. R. A. (N. S.) 745.

McLaughlin, Russell, Coe & Sprague, of New York City (Frederick C. McLaughlin, of New York City, of counsel), for petitioner.

Guthrie B. Plante, of New York City, for the trustee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. We think that the referee and the District Court were right in refusing the relief demanded by the petitioner and little need be added to their opinions.

Zahm, who was the bidder at the sale and who paid the money the petitioner seeks to recover, was fully informed when he purchased the trustee's interest in the lease of all the facts relating thereto. He was not deceived, he knew what he was buying and was clearly advised of the character of the title. He was expressly informed that the trustee was selling only such title as he possessed, he knew that the trustee's title was in litigation and that an appeal had been taken from the order under which the sale was proceeding and that the order might be reversed. He knew, therefore, that he who bid at the sale would do so at his peril and without recourse in the event of the reversal of the order of the District Court. It was expressly stated at the sale that:

"The trustee assumes no personal responsibility and does not warrant the lease or its salability."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

It would be difficult to imagine a statement which could convey to the bidders in plainer language that the trustee sold only such interest as he possessed. This interest might be valuable or it might be worthless and he who purchased it did so at his peril and without recourse. No material fact was withheld, the entire situation was stated, no one could have been misled. To permit a purchaser, who thus speculates upon the value of the property bid in by him, to recover the price paid because subsequent events show that the interest purchased was less valuable than he supposed it to be, seems to us most inequitable.

The doctrine of caveat emptor is clearly applicable. This buyer knew exactly what he was purchasing. From his point of view it was a wise purchase. It enabled his principals to make an advantageous arrangement whereby the old lease was canceled and a new one made. In securing these advantages he put it out of his power to restore the trustee's interest in the old lease.

In other words, petitioner asks to have the money paid for the trustee's interest returned, but does not offer to restore, and cannot restore, to the trustee his interest in the lease which was bid in by Zahm. That lease is gone beyond recall.

The order is affirmed.