## In re MILTONES, Inc. ·

### Petition of RICE.

(Circuit Court of Appeals, Second Circuit. January 18, 1922.)

No. 78.

1. **Bankruptcy ⚍446—Questions of law only reviewable on petition to revise.**
   On a petition to revise, as distinguished from an appeal, the court does not determine the facts on conflicting affidavits or testimony, but takes the facts as found by the District Court and inquires solely into questions of law.

2. **Bankruptcy ⚍447—Order requiring purchaser to pay amount bid for interest in lease reversed, when no claim of interest appeared, but without prejudice.**
   Where the record on a petition to require a purchaser to pay the amount bid by him for the interest of a receiver in bankruptcy in a lease and fixtures fails to disclose even a claim to any right, title, or interest whatever, on the part of the receiver, the order granting the petition will be reversed, but where the petitioner bid with his eyes open the reversal will be without prejudice to a further hearing.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Miltones, Inc., bankrupt. On petition to revise an order requiring George Rice to pay the purchase price of the receiver's right, title, and interest in a lease and fixtures. Order reversed without prejudice.

Charles R. Bradbury, of New York City, for petitioner.
Joseph Krinsky, of New York City, for receiver.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge. The alleged bankrupt conducted a retail store for the sale of garments. The receiver in bankruptcy obtained an order of the District Court authorizing him to sell at public auction all the property of the alleged bankrupt. The sale was duly conducted by the official auctioneer, who announced to the bidders that there was offered for sale the right, title, and interest, if any, of the receiver, in and to (1) the lease of the store premises used by the alleged bankrupt subject to a sublease and (2) the fixtures and furniture used by the alleged bankrupt as the store premises. The auctioneer also announced that the receiver would not guarantee the title to the lease and fixtures and that any person bidding did so at his own risk.

The auctioneer also read to the bidders a letter addressed to the receiver setting forth a claim adverse to that of the receiver in the fixture and lease. Nevertheless, one Rice bid $2,800, and the property was

---

⚍For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

knocked down to him. Rice, however, refused to make his bid good, and thereafter the receiver moved for and obtained the order now sought to be revised.

The petition of the receiver in the District Court fails to show what, if any, right, title, or interest the receiver had, or what contention, if any, could be advanced in support of the claim that he had some right, title, or interest. Rice asserts that the receiver had no right, title, or interest whatever in and to the property sold, and urges, therefore, that the court was without jurisdiction to order him to pay $2,800 to the receiver upon tender of a bill of sale. There was exhibited at the hearing, but not included in the record, an agreement or lease which counsel for receiver claimed would show some right, title, and interest in the receiver in and to the property sold.

[1] In a petition to revise, as distinguished from an appeal in bankruptcy, we do not determine the facts on conflicting affidavits or testimony. We take the facts as found by the District Court and inquire solely into questions of law. We have recently again called attention to this now settled practice in the Matter of Isador Nagel (C. C. A.) 278 Fed. 105, filed December 14, 1921.

[2] Examining the opinion of the District Judge, we cannot find any reference to the receiver's right, title, or interest in the lease or fixtures, or any claim with reference thereto, except the following:

"The United Cigar Stores rented the premises in question to one Raphael who arranged that the Miltones Corporation should have the premises upon an agreement to pay certain indebtedness which was not completely paid. In the lease of the United Cigar Stores Company was a clause that the lease could not be assigned without their consent, which was never given. * * * The landlord had a right of re-entry which he could waive by not insisting upon it. I see no difficulty in enforcing a sale of any rights the receiver had, even if the landlord might terminate them."

It is agreed by counsel that the court was inadvertently in error in the statement that the United Cigar Stores let the premises to Raphael. Through failure of counsel for receiver to shape a record for the District Court setting forth papers or transactions showing what right, title, or interest, if any, the alleged bankrupt had in the lease and fixtures, we are at a loss how to determine this petition to revise. We have Rice's version supported by various affidavits, but we have not before us the papers or transactions, if such there be, showing how the alleged bankrupt came into possession of the premises and fixtures and thus what he purported to sell. If the receiver's right, title, or interest presented an arguable question, or a claim of some kind, however weak, the case might be within In re Frazin et al., 201 Fed. 86, 119 C. C. A. 424.

If, however, the receiver had absolutely no right, title, or interest, and could not even make any claim that he had, a different question might be presented. At least the court would be called upon to determine whether there was any power in such circumstances to order a sale, or whether a court would permit its receiver to get something for nothing.

As the record fails to disclose even a claim to any right, title, or interest whatever on the part of the receiver, we must reverse the order

below; but, in view of the fact that the petitioner bid with his eyes open, and that the question involves the interests of an estate in bankruptcy, we are of opinion that the case should not be finally disposed of by this reversal, and that the receiver (or trustee, if since appointed) should have an opportunity to present the full facts. In that connection we suggest that the District Court make findings of fact when and if the motion shall be renewed.

Order reversed, with costs, without prejudice, and with leave to the receiver (or trustee) to move again in the District Court.