### In re MILTONES, Inc.

#### Appeal of RICE.

(Circuit Court of Appeals, Second Circuit. December 22, 1922.)

#### No. 63.

1. **Bankruptcy ☞440—Order requiring bidder to comply with bid is reviewable by petition to revise.**

An order requiring a bidder at receiver's sale to pay the sum bid is reviewable under the practice in the Second circuit by petition to revise, not by appeal.

2. **Bankruptcy ☞439—There is substantial difference between "appeal" and "petition to revise."**

Though it is sometimes difficult to determine whether a review should be had by "petition to revise," under Bankruptcy Law, § 24b, or by "appeal," under section 24a, being Comp. St. § 9608, there is a substantial distinction between the two methods of review, since on petition to revise only questions of law can be considered, while on appeal the Circuit Court of Appeals can examine the facts as well as the law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appeal.]

3. **Bankruptcy ☞266—Bidder having notice of adverse claims required to pay sum bid, notwithstanding receiver's defective title.**

Where the bankrupt's interest in a lease transferred to it by successive assignments, subject to lessor's rights under provisions against assignments without lessor's consent, and claim for unpaid indebtedness guaranteed by bankrupt's assignor, was sold at receiver's sale, notice being given of such adverse claims, the bidder must pay the amount bid, notwithstanding the defective title or interest of the receiver may have amounted only to a mere claim.

4. **Bankruptcy ☞482(1)—Attorney not compensated for extra review made necessary by insufficiency of record.**

Where a second review of the same order in bankruptcy proceedings was made necessary because certain essential documents were not formally before the court on the previous record, the attorney for the trustee, who should have seen to it that the record was complete, will not be allowed compensation for more than one review.

5. **Attorney and client ☞10—Attorney should be admitted to practice in Circuit Court of Appeals before appearing therein.**

While the Circuit Court of Appeals always hears counsel, whether resident in that or other jurisdictions, even though they may not be admitted

<hr>

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

as attorneys of that court, practitioners, who desire to act as attorneys of record therein, should comply with rule 7 of that court (235 Fed. vi. 148 C. C. A. vi), which permits, all attorneys and counselors admitted to practice in the Supreme Court of the United States, or in any Circuit Court or District Court of the United States, to become attorneys and counselors in that court by taking oath or affirmation in the form prescribed by Supreme Court rule 2 (32 Sup. Ct. v) and on subscribing the roll.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Miltones, Incorporated, alleged bankrupts. From an order requiring George Rice to pay the receiver in bankruptcy a sum of money in return for a bill of sale from the receiver of his right, title, and interest in the lease of certain premises and in certain fixtures, Rice appeals. Appeal dismissed.

The order of the District Court required that one Rice pay the receiver in bankruptcy the sum of $2,800, with interest, and upon such payment that the receiver deliver to Rice a bill of sale of his right, title, and interest in the lease of certain premises and in certain fixtures.

Charles R. Bradbury, of New York City, for appellant.
Joseph Krinsky, of New York City, for respondent.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge. [1] The order now appealed from is the same for all substantial purposes as that referred to in the previous case. In re Miltones, Inc. (C. C. A.) 279 Fed. 105. In reversing the previous order, we pointed out the necessity of clear findings of fact, in order that we might consider questions of law, if any, in view of the limits of review on a petition to revise. In a case of this character, the settled practice in this circuit had been to file a petition to revise. In re Frasin, 201 Fed. 343, 120 C. C. A. 391 (inadvertently cited in 279 Fed. at page 106, as 201 Fed. 86, 119 C. C. A. 424).

[2] We realize that it is difficult at times to determine whether review should be had by petition to revise or by appeal, but the distinction, as we have repeatedly pointed out, is one of substance. In re Nagel (C. C. A.) 278 Fed. 105. In the case of a petition to revise, we do not review the facts and we consider only questions of law. On an appeal we, of course, examine the facts as well as the law.

It is often far from easy to determine whether section 24a or 24b of the Bankruptcy Law (Comp. St. § 9608) is applicable; but doubt as to whether a proceeding falls within one or the other of these sections may be readily resolved, in respect of any particular question, where the practice is settled in this circuit, and that practice should be followed. That has not been done in this case, and we must therefore dismiss the appeal.

Nevertheless, because the case was here before, we shall briefly consider the merits. After our previous decision, the receiver again moved for an order to compel Rice to make good his bid. This time the papers, which we regarded as not before us on the previous review, were fully presented to the District Court. The District Court made care-

ful and comprehensive findings of fact, which we have no power to disturb, unless there was no evidence supporting them. These findings, so far as is necessary to refer to them, were that on October 1, 1917, a lease was made between the trustees and one Westcott, deceased, as landlord, and Charles Raphael, as tenant, covering store premises at 110th street and Broadway, for the term of five years, from October 1, 1917, to October 1, 1922; that, following the making of this lease, the property in which the demised premises are located and the rights of the landlord in the lease were transferred to the United Cigar Stores Company; that a lease for additional space in these premises was thereafter made between United Cigar Stores Company, as landlord, and Charles Raphael, as tenant; that on August 6, 1920, a written agreement was made between the Raphael Corporation, Charles Raphael, and one Klein; that this contract recognized the ownership of, the lease and fixtures here in controversy to be in the Raphael Corporation, and the contract further provided that the assets of the Raphael Corporation should be divided between Raphael and Klein; that the contract apportioned to Klein the lease and fixtures, and Klein assumed the payment of the debts of the Raphael Corporation. The contract provided, further, that after such debts should be paid a proper bill of sale of the lease and fixtures from the Raphael Corporation to Klein should be given. It was further found that Klein caused a new corporation to be incorporated, with the name of Miltones, Inc. (the alleged bankrupt), and Klein for a valuable consideration transferred to this corporation all his right, title, and interest in and to the agreement of August 6, 1920; that Klein, the Raphael Corporation, and Raphael entered upon the performance of the contract of August 16, 1920; that Klein paid the debts of the Raphael Corporation, with the exception of a sum not exceeding $1,900; that, pursuant to the agreement of August 16, 1920, and the assignment supra by Klein to the alleged bankrupt, the latter was in possession of the premises and of the fixtures here concerned from about September 20, 1920, to March 25, 1921. It was also found that at the time Rice made his bid at the receiver's sale he had notice of a claim made by Raphael and Raphael Corporation to the lease and fixtures.

[3] Upon the foregoing findings of fact the District Court rightly concluded that Klein had obtained an interest in the lease and fixtures, subject to the lessor's rights arising out of clauses in the lease forbidding assignment without consent, and notwithstanding the provision of the contract that a complete title to the property would not pass to Klein until the corporate debts assumed by him had been paid, and that this interest of Klein was assignable to the bankrupt.

The District Court held that, in any event, Raphael was estopped to deny that the Raphael Corporation was his successor as lessee and owner of the fixtures, but we find it unnecessary to pass upon this point. It is immaterial as to whether or not the alleged bankrupt corporation could ultimately have established title. In sales of this character, all that the receiver or trustee sells is his right, title, and interest. He may only have what amounts in the last analysis to a mere claim; but, where the bidder is not deceived, he buys what the receiver or trus-

tee has to sell, however shadowy may be the right, title, or interest. The case at bar, on the facts as now developed, falls squarely within the holding of In re Frasin, 201 Fed. 343, 120 C. C. A. 391.

[4] We deem it necessary in this case to call attention to the fact that this second review was made necessary only because certain essential documents were not formally before us in the previous record. With the great volume of matters pressing upon the District Judges in the Southern district of New York at this time, it is difficult for them to supervise the contents which should make up records for this court. This is a duty which rightly rests primarily upon the attorneys in the litigation. Doubtless there would have been one effort to review the order below, and for his services in that regard the attorney for the trustee would have been entitled to compensation; but we call the attention of the District Court to the foregoing, expressing our view that the estate of the bankrupt should not bear the burden of compensation for services rendered in more than one review.

[5] We also note that neither attorney has been admitted to practice in this court. We assume that this omission is inadvertent, in view of the fact that these attorneys are duly admitted practitioners in the District Court. We always hear counsel, resident in this and other jurisdictions, even though they may not be admitted as attorneys of this court; but practitioners who desire to act as attorneys of record in this court must comply with rule 7 of this court (235 Fed. vi, 148 C. C. A. vi), which reads:

"All attorneys and counselors admitted to practice in the Supreme Court of the United States, or in any Circuit or District Court of the United States, shall become attorneys and counselors in this court on taking an oath or affirmation in the form prescribed by rule 2 of the Supreme Court of the United States and on subscribing the roll; but no fee shall be charged therefor."

We take this opportunity of calling the attention of the bar to the foregoing, in the event that there are others who through inadvertence have failed to become duly admitted attorneys entitled to practice as attorneys of record in this court. In view of what we have pointed out, supra, we shall confine the costs to actual disbursements.

Appeal dismissed, with disbursements. The mandate will issue forthwith.