**AMERICAN RANGE & FOUNDRY CO. v. MERCANTILE TRUST CO. et al. (AMERICAN RANGE CORPORATION, Intervener).**

(Circuit Court of Appeals, Eighth Circuit. August 14, 1925.)

No. 280.

**I. Bankruptcy ⬤⇒446—Only questions of law reviewable in petition to revise.**

On a petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608), in the absence of findings or an agreed statement of facts, the facts will be taken as stated in the opinion of the District Court.

**2. Bankruptcy ⬤⇒439—Petition to revise must present question of law on which order was based.**

An order of bankruptcy court is not reviewable on petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608), unless it presents a question of law on which the order was based.

**3. Bankruptcy ⬤⇒444—Petition to revise dismissed, as not filed within reasonable time.**

In the absence of a rule of court, a petition to revise must be filed within a reasonable time, and a petition to revise, pursuant to Bankruptcy Act, § 24b (Comp. St. § 9608), an order refusing to vacate an adjudication, filed nearly six months after the order was made, and after the estate had been largely liquidated, will be dismissed.

Petition to Revise Order of the District Court of the United States for the District of Minnesota.

In the matter of the American Range & Foundry Company, bankrupt. Petition by bankrupt to revise an order refusing to vacate adjudication in involuntary bankruptcy proceedings on petition of the Mercantile Trust Company and others, creditors, wherein the American Range Corporation intervened. On motion by the creditors and the intervener to dismiss. Granted.

A. B. Jackson, of Minneapolis, Minn., and M. J. Brown, of St. Paul, Minn., for petitioner.

Kay Todd, Walter Fosnes, and Charles W. Sterling, all of St. Paul, Minn., and S. A. Mitchell, of St. Louis, Mo., for respondents.

J. J. Moriarty, of Shakopee, Minn., for the intervener.

Before STONE, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

JOHN B. SANBORN, District Judge. The respondents and intervener move to dismiss the petition to revise, filed by the petitioner pursuant to section 24b of the Bankruptcy Act of July 1, 1898 (Comp. St. §

9608). The petitioner is a Delaware corporation, and was engaged in the manufacture of stoves, with headquarters in Shakopee, Minn., and with one factory at that place and one at East St. Louis, Ill. The business was founded by G. L. Nye, and he and his son, C. W. Nye, were its principal stockholders, officers, and directors. C. W. Nye seems to have been the one actively in charge of the affairs at the time in question here.

On August 29, 1924, creditors who are respondents in this proceeding filed a petition in involuntary bankruptcy against the petitioner, alleging insolvency and acts of bankruptcy, asking that it be adjudged bankrupt and that receivers be appointed, and procured an order to show cause, returnable on or before the 13th day of September. On the 12th day of September the petitioner filed an answer, as did also a creditor, denying insolvency and acts of bankruptcy, and asking for a jury trial.

The application for a receiver was resisted by petitioner and some of its creditors, and after a hearing on September 13th, the court denied the application without prejudice to a further application, and with the consent of all parties set the case for trial on October 7th. The petitioner in the meantime was endeavoring to procure a loan and to make an offer of composition to its creditors.

On the day of trial counsel for the petitioner stated to the court that it desired to make an offer of composition and had assurances of being able to do so. The court was again asked by the petitioning creditors to appoint a receiver, to which the petitioner objected. Its counsel then stated that, if it was unable to procure a loan or to make a satisfactory offer of composition to its creditors, the answer would be withdrawn. Thereupon the court postponed the trial for 30 days, and granted a postponement of the hearing on the application for the appointment of a receiver until October 17th. On October 16th, the time for the petitioner to make its offer to creditors was extended to October 23d, and the hearing on the appointment of a receiver continued to that date.

No offer had been made by October 23d, and, in accordance with their agreement with the court, counsel for the petitioner signed and filed a written consent and stipulation withdrawing the answer. On the 25th day of October it appears that an offer of composition was made to its creditors by the petitioner and was rejected. On the 27th day of October the court entered a formal ad-

judication of bankruptcy against petitioner as upon default and appointed receivers, who took charge of the business and assets. On November 7th a trustee in bankruptcy was appointed.

On December 3d he sold the factories and their equipment, and in fact substantially all of the assets of the petitioner, except its bills and accounts receivable, to the respondent H. C. Schroeder, acting for himself and others, who afterwards transferred these same assets to the American Range Corporation, the intervener, which is now conducting the business. On December 2, 1924, the day before the sale, the petitioner made an application to the court for the vacation of the adjudication of bankruptcy, a reinstatement of the answer, and for a jury trial, upon the grounds that its counsel had no authority to consent to the withdrawal of its answer and that it was not insolvent.

Upon this application an order to show cause was issued, returnable December 20, 1924. On the 26th day of December the application of the petitioner to set aside the adjudication came on for hearing, testimony was taken, and on December 30, 1924, the court filed its order denying the application.

On the 29th day of June, 1925, nearly six months after the denial of its application, the petitioner filed in this court the petition for revision which the respondents and intervener seek to have dismissed.

The motions to dismiss raise two questions: (1) Does the petition present to this court any questions of law for review? (2) Was the petition for revision filed in time?

No findings of fact were made by the court, and the facts are not stipulated. Many of them are in dispute. The court filed with the order denying the application to vacate a memorandum, setting forth the facts and propositions of law upon which he based his order, and which appear to abundantly support it. His legal conclusions were, in effect, that the petitioner was by the conduct of the Nyes, who were practically its sole stockholders and in complete charge of its affairs, estopped from claiming that its attorneys had no right to stipulate for the withdrawal of its answer, and that its delay in moving to vacate the adjudication amounted to laches.

[1] In the absence of findings or an agreed statement of facts, we must assume the fact to be as stated in the opinion of the court. In re Iroquois Utilities (C. C. A.) 297 F. 397; In re Nagel (C. C. A.) 278 F. 105; In re Miltones (C. C. A.) 279 F. 105.

We are not required nor permitted to analyze the evidence and to make our own findings of fact.

[2] The petitioner asks us to review two questions of law, which are in substance these: (1) Did the withdrawal by its attorneys of the answer, without authority of its board of directors or stockholders, amount to a confession of bankruptcy, or waive its right to a jury trial? (2) Did the conduct of G. L. and C. W. Nye, after the adjudication, constitute a ratification of it?

The court expressly states in his opinion that the first question is not involved, nor does he base his conclusion on the second proposition. Therefore, no matter how the questions presented by this petition are answered, they cannot affect the order made, because they are not the questions of law which formed the basis of the order. It appears, therefore, that upon the face of the record there is no question of law for this court to revise. The petition might be supplemented or amended, however, were it not for the question of delay in filing it.

[3] The statute does not fix any definite time within which a petition for revision shall be filed, nor is there any rule in this circuit limiting the time. It cannot be filed after six months. In re Holmes, 142 F. 391, 73 C. C. A. 491. It must, however, be filed within a reasonable length of time. Blanchard v. Ammons, 183 F. 556, 106 C. C. A. 102.

What is reasonable depends upon the circumstances. The rules in other circuits are some indication, at least, of what is considered reasonable. In the Second and Fourth circuits it must be filed within 10 days, within 20 days in the Sixth, and within 30 days in the Fifth and Third.

The purpose of section 24b, is obviously not to delay proceedings in bankruptcy, but rather to expedite them, by providing a speedy method of having doubtful questions of law determined during the pendency of the proceedings. "The Bankruptcy Law contemplates that the bankrupt's estate shall be administered with all convenient dispatch, so that the property may be distributed among the creditors, and the bankrupt discharged from his debts, and to that end parties litigant shall be alert and active to protect their rights and to proceed with promptness in asserting the same." Blanchard v. Ammons, supra.

The circumstances with which the petitioner was confronted at the time the court refused to vacate the adjudication in bankrupt-

cy required that a review be had with the greatest possible expedition, if one was to be had at all. The trustee had sold the principal assets of the petitioner and was liquidating the estate. The title to the valuable property which had been transferred depended upon the validity of the adjudication, as did also the ability of the purchasers from the trustee to deal with it. This was all known to the petitioner. The petitioner's delay in filing its petition was unreasonable, and cannot be justified or excused.

For the foregoing reasons, the motions to dismiss will be granted, with costs to the respondents.