**DOYLE v. PONSFORD.**

**No. 12486.**

Circuit Court of Appeals, Eighth Circuit.

June 21, 1943.

Bryan W. Place, of Minneapolis, Minn. (John T. Rohwedder, of Minneapolis, Minn., on the brief), for appellant.

W. C. Preus, of Minneapolis, Minn. (M. C. Tifft, of Minneapolis, Minn., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

On appeal of Kate C. Doyle from an order in bankruptcy vacating an ex parte order previously obtained by her reopening the bankrupt estate.

The appellant is the purchaser and assignee of allowed unsatisfied claims against the estate of James J. Ponsford, bankrupt. The voluntary bankruptcy was commenced August 6, 1935, and discharge in bankruptcy was granted June 8, 1936. In December, 1941, appellant and her husband, who was also the owner of allowed unsatisfied claims against the estate, presented verified petitions alleging that a certain described section of land in Alberta, Canada, belonged to the bankrupt at the time of bankruptcy and was still owned by him but had been conveyed by him in fraud of creditors to his minor daughter and concealed and withheld from administration, and

praying that the bankruptcy be reopened. On consideration of the petitions the court entered its order ex parte that the estate be reopened and referred to the acting referee in bankruptcy.

On June 20, 1942, the bankrupt filed petion alleging that he had filed a true and accurate schedule of all his assets at the commencement of his bankruptcy and then had no other assets of any kind than those that were listed in his schedule and that the described Canada land was not at that time and had not been since 1929 a part of his estate; that a full hearing on the status of said land had been had before the bankruptcy court when said proceeding was pending in said court. He prayed an order vacating and setting aside the order of reopening which had been granted ex parte. On consideration of the bankrupt's petition, the court ordered Kate C. Doyle to show cause why the court should not make an order vacating the order reopening the estate previously entered ex parte, and ordered the matter to be referred to the acting referee in bankruptcy to give notice and to take the testimony, make findings and conclusions, and to report to the court.

The parties accordingly appeared before the referee and voluminous testimony was taken. The scope of the inquiry was clearly defined. The allegation stood in the bankrupt's petition that at the date of adjudication he had no other assets of any kind than those that were listed in his schedule and the inquiry was directed not only to the section of Canada land described in the petition to reopen, but to other properties in which concealment of unadministered interest was suspected. The referee received all the testimony, oral and documentary, that was offered, and accorded the. parties a full and fair hearing, and having taken the matter under advisement following the arguments, he reported his findings of fact and conclusions in bankrupt's favor to the court together with his recommendation that the reopening order which had been granted ex parte be vacated and set aside.

Upon the coming in of the report the bankrupt filed his petition stating that the matters referred by the court to the referee had been heard and reported upon by the referee and praying that time and place be fixed for hearing the motion to vacate the reopening order in the light of the referee's findings and conclusions, and on June 20, 1942, the day fixed by the court,

fifteen days being allowed Kate C. Doyle, the parties appeared before the court by attorneys. No objections were filed to the referee's report and the attorneys for Kate C. Doyle waived oral argument but requested further time to file a brief and the time of hearing was extended seven days. No brief was tendered within the time and the court took submission of the matter on the bankrupt's petition for order in accordance with the report and recommendation of the referee. Thereafter on June 27, 1942, another attorney appeared for Kate C. Doyle and requested the court to extend additional time but without showing of cause therefor, and the court stated that the matter had been submitted, and having considered the findings, conclusions and recommendations of the referee, adopted and affirmed the same, and on July 6, 1942, entered its order revoking, vacating and setting aside the reopening order which it had entered ex parte on December 1, 1941.

On August 15, 1942, Kate C. Doyle filed the notice of appeal "from said order [of July 6, 1942] and the whole thereof" by which this appeal was taken.

The purpose of the appeal is to obtain in this court a review of the findings of fact which were made by the referee, and in the statement of points intended to be relied on appellant asserts that she excepts to particular parts of the findings as contrary to or not supported by the testimony. But the transcript before us discloses that although appellant had due notice of hearing of bankrupt's petition for an order upon the findings, conclusions and recommendation reported by the referee, and was present by counsel at the time set for hearing on that petition, she did not make any objection to the report or suggest to the court that there was any failure of evidence to support the findings, or that any of them was in any particular contrary to or unsupported by the evidence. On the contrary, the record shows that the matter was submitted to the court on the referee's report without argument or contention of any kind on her part. Although she was given additional time to file a brief, "or [to] otherwise proceed", and so was accorded full opportunity to point out any claimed error in the findings or report, she let it go by default.

As she gave the district court no opportunity to rule upon any of the objections or exceptions to the findings which

she now presents here, such objections and exceptions afford no basis for review by this court. The function of this court is to review alleged errors of the district court in rulings upon questions of law shown to have been directly called to the attention of the district court and decided by it. As the appellant submitted her claim of right to have the bankruptcy reopened on the referee's report without any objection to the findings of the report, the district court's adoption and approval of the findings was conclusive and the evidence is not reviewable on this appeal. As we stated In re Schulte-United, 8 Cir., 59 F.2d 553, loc. cit. 559:

"This court will not consider questions which were not presented to the lower court. In re Grosse, 7 Cir., 24 F.2d 305; In re Boston Dry Goods Co., [1 Cir., 125 F. 226]. See, also, Weinstein v. Laughlin, 8 Cir., 21 F.2d 740; American Petroleum Co. v. Missouri Pac. R. Co., 8 Cir., 25 F.2d 441; American Range & Foundry Co. v. Mercantile Trust Co., 8 Cir., 7 F.2d 417.

"This court is not required or permitted to consider the evidence on an appeal which brings up for review only questions of law. Moore Dry Goods Co. v. Brooks, 8 Cir., 240 F. 943; Olmsted-Stevenson Co. v. Miller, 9 Cir., 231 F. 69; Hall v. Reynolds, [8 Cir., 224 F. 103]; Morse & Tyson v. Irving-Pitt Mfg. Co., [8 Cir., 18 F. 2d 692]."

■ The appellant complains of the procedure followed by the court in arriving at its refusal to reopen the bankruptcy estate on appellant's petition, particularly in that appellant has been denied a jury trial on the issue that bankrupt had transferred his property in fraud of creditors. But the record shows that appellant presented no objections to the court against the issuance of the order to show cause why the ex parte order to reopen should not be vacated or to the hearing upon that order by the referee. On the contrary, she appeared before the referee pursuant to the order and availing herself of the opportunity afforded thereby made a full and complete examination of the bankrupt and offered whatever evidence she had in support of her petition to reopen or in opposition to the petition to vacate the reopening order. It is undoubtedly the duty of the bankruptcy court to reopen an estate upon becoming informed that there are assets of the estate which have not been administered, but the bankrupt who has been granted discharge may not be arbitrarily denied opportunity to contest allegations of a petition to reopen to the effect that he has made fraudulent conveyances or concealment of assets, or that complete administration has not been had. In re Chapman, D.C., 55 F.2d 965. It has been pointed out that he would not have an appeal from an ex parte order of reopening and it would seem that the bankrupt here followed proper procedure in petitioning the court to set the ex parte reopening order aside. Such procedure was considered in McColgan v. Clark, 9 Cir., 4 F.2d 627, 628, where the court said: "The petition to vacate was heard on affidavits and denied, and the case has been brought here by petition to review. The petitioner has adopted the proper practice, because an ex parte order was not subject to review in this court by a petition for review or otherwise. 'Although it is sometimes otherwise under a statute, the general rule is that no appeal lies from an ex parte judgment or order, the proper remedy being to apply to the court to have such judgment or order set aside, and then, if the application is denied, to take an appeal from the denial.' "

■ The essential matter was that a full hearing should be had upon the question whether there were in truth and fact unadministered assets that ought to be subjected to the claims of creditors, and such hearing was had. The fact that there were no unadministered assets to justify reopening was determined upon hearing and consideration of oral and documentary evidence, and this appellant having participated in that hearing and having presented no objection against the procedure to the court, has no standing to assail it here.

■ We have, however, examined the voluminous record of evidence presented to us to be assured against injustice, and find nothing in it which indicates that any reversible error was committed in the court below. The report of the referee was drawn with painstaking care, the evidence was carefully and fully reviewed and it supports the findings.

The order appealed from is affirmed.