## In re FAIR CREAMERY CO.

### KAVANAGH et al. v. KAYES.

No. 11306.

United States Court of Appeals
Sixth Circuit.

Nov. 29, 1951.

As Amended Jan. 23, 1952.

Edmund M. Sloman, Detroit, Mich., (Edmund M. Sloman, Detroit, Mich., on the brief), for appellants.

Ralph L. Seltzer, Detroit, Mich. (Berger, Manason & Kayes, Detroit, Mich., on the brief; Ralph L. Seltzer, Detroit, Mich., of counsel), for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

In this bankruptcy case a petition for arrangement was filed on June 19, 1939, and later the retail business of the bankrupt corporation was sold in accordance with a petition filed by the receiver as ordered by the court. The arrangement was duly confirmed by the referee December 7, 1939, and the receiver filed his final report. The plan of arrangement provided that preferred and secured creditors were to be given priority of payment and that unsecured creditors were to be paid in full over a period of years. The plan set up a trust mortgage and pledge of the capital stock to secure the payments. The debtor corporation was operated at a loss for some months. It failed to make the first payment under the arrangement and the trust mortgage was foreclosed. The property was sold by the trustees under the terms of the trust mortgage. The attorneys for the petitioning debtor on August 12, 1941 agreed to a decree approving all proceedings without retaining jurisdiction in the court. An order was entered August 15, 1941, closing the estate.

On March 14, 1947, a petition was filed, alleging fraud in the handling of the estate and concealment of the assets. The referee recommended that the estate be reopened and an ex parte order to this effect was entered by the District Court. On September 17, 1947, a petition to vacate the order reopening the estate was filed. The referee in bankruptcy, who under the local rule, No. 21, of the Eastern District of Michigan, is required to investigate and to report upon all bankruptcy matters, heard testimony on the petition to vacate, found that no proof of fraud existed, and recommended that the estate be reclosed. The referee stated: " * * * The Court further finds that an investigation of the alleged fraud does not justify any finding that actual, active fraud was perpetrated upon this Court or any of the creditors at any time, and there was not even any suggestion of fraud prior to the confirmation of the plan. Since there would not be any assets coming into this estate if further administration were had, even if that were possible, the order reopening the estate should now be set aside and the estate reclosed. The Court further finds all of the parties to the petition to reopen this estate were guilty of laches. Certainly the President and Secretary of this Corporation knew on or about April 1, 1940 enough about the situation to have put them on notice if there had been any thought of a fraudulent transaction in the disposition of the assets. The other petitioner, the Globe Paper Company, knew in December, 1939 that it had not received the first 5% dividend which was to have been paid under the Plan of Arrangement, and should have made its investigation and acted at that time and not waited for more than seven years to seek any relief. * * *"

The District Court found that no formal order of general reference had been made and concluded that it was compelled to hear testimony in the case. We think the court erred in this conclusion. The local bankruptcy rule No. 21, on "References," requires that all petitions in bankruptcy and in proceedings for arrangement, upon being filed with the clerk shall be by him as of course forthwith referred generally to the referee in bankruptcy. It also provides that the referees shall take all proceedings, do all acts and perform all duties with reference thereto

except those which by law are expressly and specifically reserved solely to the judges. The record shows that on June 4, 1947, the clerk entered an order of general reference upon the filing of the petition to reopen the estate. The petition to vacate the order reopening the estate was a part of the same proceeding as the petition to reopen. The allegations of the petition to vacate deal with the same issues as were raised in the petition to reopen, and in effect constitute an answer. The relief prayed for grew directly out of the action of the court upon the original petition. We conclude that the referee was authorized without additional formal order to hear testimony and make recommendations under local bankruptcy rule No. 21. The District Court was not compelled to conduct a hearing but could have considered the matter upon the findings and recommendations of the referee. However, the fact that it conducted an extensive hearing and admitted all the testimony and exhibits offered by appellants certainly was not prejudicial. The court sustained the petition to vacate and ordered that the estate be reclosed, presumably for the same reasons which induced the referee to recommend that this action be taken.

Appellants contend that the District Court erred in reading the testimony which had been presented before the referee on the hearing of the petition to reclose the estate. This was a part of the files of the District Court in the same bankruptcy case which that court was required to decide and was properly considered. This case would have been simplified if the transcript of the testimony before the referee had been introduced in evidence; but it was not reversible error for the court to consider it.

Appellants urge that the District Court erred in directing them to introduce testimony upon their petition to reopen the estate instead of requiring the appellee to proceed on the petition to vacate. There is no merit in this contention. The order to reopen the estate was entered upon the ground of the possible existence of fraud. The basis of the petition to vacate and reclose the estate was the asserted fact that no fraud had been shown. The controlling issue of fact was the same under both petitions. The burden was on the appellants to establish fraud or concealment of assets, and this burden was not sustained. Ample evidence supports the findings of the referee and of the District Court.

The receiver filed no detailed account of receipts and expenditures, but photostatic copies of monthly statements and a copy of the report by a certified public accountant covering the entire period in controversy disclosed that the business was operated at a loss and that all money received by the receiver and subsequently received by the trustees was properly accounted for. Prior to the order of confirmation of the proposed arrangement, the real estate and personal property were shown to have an appraised liquidating value of $34,148.81. They were sold in bulk for $50,000, and the referee correctly found that this was not evidence of fraud.

It appears that no assets would be recovered for the estate if further administration were had. This fact requires that upon petition to vacate the estate shall be reclosed. Doyle v. Ponsford, 8 Cir., 136 F.2d 401.

The Globe Paper Company, appellant, was an unsecured creditor in the amount of $312.34, but it did not file a claim. As found by the referee, it knew in December, 1939, that it had not received the first five per cent dividend which was to have been paid under the trust mortgage. This was some seven years before it joined in the petition to have the estate reopened.

These facts are clear evidence of laches. The receiver is dead. Appellants attack the regular orders of the referee and charge fraud against the deceased receiver. The injustice of reopening the case because of evidence which can no longer be explained or denied is self-evident. Hanner v. Moulton, 138 U.S. 486, 11 S.Ct. 408, 34 L.Ed. 1032; Abraham v. Ordway, 158 U.S. 416, 15 S.Ct. 894, 39 L.Ed. 1036. The

entire property, real and personal, has been sold, and the rights of innocent purchasers have intervened. The referee who recommended that the case be reopened after a consideration of affidavits filed with the petition to reopen upon full hearing recommended that the estate be closed; and the District Court, after an extensive hearing, came to the same conclusion. Our examination of the record convinces us that the decision is correct.

The numerous questions raised by appellants have been considered, but we deem it unnecessary further to discuss them.

The order of the District Court is affirmed.