## KINDER [1] *v.* SCHARFF.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 99. Argued December 4, 5, 1913.—Decided December 15, 1913.

After the estate has been closed and the two year period prescribed by § 11d of the Bankruptcy Act has run, the proceeding cannot be reopened on *ex parte* statements to enable the trustee to attack on the ground of fraud a sale made by the bankrupt, where, as in this case, the trustee had the opportunity of commencing an action for that purpose before the expiration of the period.

The Bankruptcy Court cannot under § 2 (8) remove the bar of § 11d at its own will simply because the trustee may have changed his mind and wishes to institute a suit which he might have instituted prior to the operation of § 11d.

129 Louisiana, 218, affirmed.

THE facts, which involve the construction and application of the limitation prescribed by § 11d of the Bankruptcy Act of 1898, are stated in the opinion.

*Mr. Hannis Taylor* and *Mr. A. P. Pujo,* with whom *Mr. L. A. Goudeau* and *Mr. W. B. Williamson* were on the brief, for plaintiff in error:

---

[1] Original Docket title, Collins, Trustee, *v.* Scharff.

Section 11d of the Bankrupt Act, as amended, is a statute of limitation, and when pleaded as a bar to a suit to set aside an alleged fraudulent sale, must be construed and applied as other statutes of limitation. *Bailey* v. *Glover*, 21 Wall. 342, 350.

Where fraud is the foundation of the action, the limitation of two years, under the Bankrupt Act, does not begin to run, in the absence of negligence or laches of the plaintiff, until the discovery of the fraud. *Traer* v. *Clews*, 115 U. S. 528, 542.

In suits in equity, where relief is sought on the ground of fraud, and the party injured remained in ignorance of the fraud without fault or want of diligence on his part, limitation does not begin to run until the fraud is discovered, although there are no special circumstances, and no effort on the part of the party committing the fraud to conceal it. *Levee Com'rs* v. *Tensas Land Co.*, 204 Fed. Rep. 736.

In a suit in equity by a public board of levee commissioners, to cancel deeds to lands sold by such board for fraud, complainant is not chargeable with notice of the fraud by the fact that it consisted of bribery of persons who were then officers and members of the board and its agent, nor because it did not take active measures to discover it, where the transaction was fair on its face, and there was nothing to cause suspicion, until the facts were incidentally learned by a third person who communicated them to plaintiff, *Levee Com'rs* v. *Tensas Land Co.*, 204 Fed. Rep. 736.

A suit by a trustee to recover assets alleged to have been fraudulently transferred by the bankrupt within four months prior to the filing of petition, ought not to stand like a suit between private parties. *United States* v. *Minor*, 114 U. S. 233, 240.

Courts of the United States follow their own adjudications in the interpretation, administration, and enforce-

ment of Federal statutes, and not those of state courts. *Calhoun Mining Co.* v. *Ajax Mining Co.*, 182 U. S. 499, 510.

*Mr. Charles A. McCoy*, with whom *Mr. Leland H. Moss* and *Mr. Robert L. Knox* were on the brief, for defendant in error:

Section 11 of the Bankruptcy Act, like § 5057, Rev. Stat., is a statute of limitation. It is precisely like other statutes of limitation and applies to all judicial contests between the assignee and other persons touching the property or rights of property of the bankrupt transferable to or vested in the assignee, where the interests are adverse and have so existed for more than two years from the time when the cause of action accrued, for or against the assignee. *Bailey* v. *Glover*, 21 Wall. 342.

There must be reasonable diligence and a means of knowledge is the same thing in effect as knowledge itself. *Wood* v. *Carpenter*, 101 U. S. 135; *Johnson* v. *Standard Co.*, 148 U. S. 370; *Pearsal* v. *Smith*, 149 U. S. 236; *Kirby* v. *Lake Shore Ry.*, 120 U. S. 130; *Putnam* v. *New Albany &c. Ry.*, 16 Wall. 390; *Johnson* v. *Atlantic G. & W. I. T. Co.*, 156 U. S. 648; *Bates* v. *Peebles*, 151 U. S. 162; *Foster* v. *Mansfield*, 146 U. S. 88; *Norris* v. *Hagan*, 136 U. S. 329.

Whatever is notice enough to excite attention to a fact and put a party on his guard and call for an inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it. *Johnson* v. *Stanard M. Co.*, 148 U. S. 307; *Succession of Dauphin*, 112 Louisiana, 139; *Poirier* v. *Cypress Co.*, 54 So. Rep. 298; *Citizens Bank* v. *Jansonne*, 120 Louisiana, 399.

Concealment must be the result of positive acts, mere silence is insufficient. *Woods* v. *Carpenter*, 101 U. S. 135; *Felix* v. *Patrick*, 145 U. S. 317; *Pearsal* v. *Smith*, 149 U. S. 236; *Bailey* v. *Glover*, 21 Wall. 342.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action by a trustee in bankruptcy to recover land alleged to have been conveyed by the bankrupt in fraud of creditors. The defendant pleaded that the estate had been closed and that the action was barred by the lapse of two years, under § 11d of the Bankruptcy Act, July 1, 1898, c. 541, 30 Stat. 544, 549, and also that he purchased the land for its full value and in good faith. The estate had been closed and the two years had run, but after they had elapsed the former trustee petitioned to have the proceedings reopened on the ground that he had just discovered the facts and that the sale should be set aside. The petition was granted, this suit was brought and the judge of first instance ordered a reconveyance. The Supreme Court of Louisiana found, as it was compelled to by the testimony of the trustee himself, that during the pendency of the original proceeding the trustee suspected the alleged fraud, made some inquiries, but dropped the matter because he thought that it was not worth while, that is, that it would not pay to go farther. He 'voluntarily abstained from availing himself of the means put in his hand by the law itself for the ascertainment of a suspected fact,' by examining the bankrupt and otherwise. On this ground the court held that he could not remove the bar of the statute, reversed the judgment and dismissed the suit. 129 Louisiana, 218.

We are of opinion that the decision of the Supreme Court was right. It is not necessary to consider whether the running of the two years after the estate is first closed is a bar to all suits upon claims that might have been collected if they had been known, or to controvert the conclusion of *Bilafsky* v. *Abraham*, 183 Massachusetts, 401, that such suits are not barred. But it is obvious that there must be some limits if the promise of repose after two years in § 11d is not to be a mirage. The power to reopen

estates given in § 2 (8) 'whenever it appears that they were closed before being fully administered' cannot be taken to put it into the power of the court of bankruptcy to remove the bar of § 11 at its own will simply because a trustee may have changed his mind. It was argued that the court of first instance found fraud and that we could not review the findings of fact. *Waters-Pierce Oil Co.* v. *Texas* (No. 1), 212 U. S. 86, 97. But if so, we equally are barred from reviewing the findings of the Supreme Court, · that the trustee was chargeable with knowledge of the fraud, if there was one. Therefore, apart from the difference between the statutes considered there and here, cases like *Bailey* v. *Glover,* 21 Wall. 342, and *Traer* v. *Clews,* 115 U. S. 528, where the cause of action for fraud was concealed, do not apply. The question is simply whether, when, after an estate is closed, and more than two years later a trustee comes to the conclusion that he undervalued a claim that he knew of and might have sued upon, or finds that the value has risen since, the Bankruptcy Court may reopen the estate for the sole purpose of getting rid of the statute; and allowing the trustee to sue. See *Wood* v. *Carpenter,* 101 U. S. 135. *Rosenthal* v. *Walker,* 111 U. S. 185, 196.

The judge had no power by an *ex parte* order reopening the estate to remove the bar that was completed, and that there was no ground for removing. Whether it be put on the construction of the Bankruptcy Act or on the ground that the estate was fully administered *quoad hoc,* or of laches on the part of the trustee, it comes to the same thing. The claim in controversy cannot be made the ground of a suit.

*Judgment of the Supreme Court affirmed.*

Mr. Justice Pitney concurs in the result.