## In re SNYDER.*

### McCOLGAN v. CLARK.

(Circuit Court of Appeals, Ninth Circuit. March 30, 1925.)

No. 4379.

**1. Bankruptcy ⊜443—Mode of review of ex parte order stated.**

An ex parte order of a court of bankruptcy is not directly reviewable, but the proper practice is to move for its vacation, and, if the motion is denied, to have the order of denial reviewed by the appropriate procedure.

**2. Bankruptcy ⊜443—Petitioner held to have no interest in estate which entitled him to review of order.**

A petitioner has no interest in a bankrupt estate, which entitles him to review of an order made therein merely because, if the order stands, he may be subjected to a suit by the trustee.

**3. Bankruptcy ⊜372—Petition to reopen estate need not be of formal character.**

A petition to reopen an estate need not be of a formal or technical character, and it may be supplemented or supported by affidavits.

**4. Bankruptcy ⊜444—Order refusing to vacate order reopening an estate held not reviewable on the record.**

An order denying a petition to vacate an order reopening an estate is not reviewable on petition to revise, where the court made no findings and the record does not contain the evidence on which it acted.

Petition for Revision of Proceedings of the District Court of the United States for the Southern Division of the Northern District of California.

In the matter of Albert E. Snyder, bankrupt. On petition of R. McColgan to revise order of the District Court denying his petition to vacate an order reopening the estate, made on petition of Charles H. Clark, a creditor. Petition dismissed.

Keyes & Erskine, of San Francisco, Cal., for petitioner.

H. W. Glensor, Ernest Clewe, Melville E. Van Dine, and E. J. Talbott, all of San Francisco, Cal., for respondent.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

*Rehearing denied May 4, 1925.

RUDKIN, Circuit Judge. November 16, 1917, one Snyder was adjudicated a voluntary bankrupt. December 1, 1917, a trustee of the estate was elected and appointed. January 15, 1918, the trustee filed his report, showing no assets, other than $100 of exempt property, and on the same day the report of the trustee was approved, the trustee discharged, and the estate closed. February 2, 1918, an order of discharge was entered. October 3, 1923, the estate was reopened on ex parte application of one claiming to be a creditor of the bankrupt. The petition to reopen alleged:

"That the estate of said bankrupt has not been fully administered, and in this behalf your petitioner alleges: That since the closing of said estate and the discharge of said trustee your petitioner has learned that said bankrupt had at the time he filed herein his said petition in bankruptcy, and ever since has had and owned, an interest in certain real property situated in the city of Los Angeles, county of Los Angeles, state of California, of the value of over fifty thousand ($50,000.00) dollars, which property has never been scheduled or administered on in said estate, and which said property should have been scheduled as an asset of said bankrupt; that your petitioner has just discovered the existence of said assets, and is unable to state why said assets of said bankrupt were never scheduled; that your petitioner's claim remains and is wholly unpaid, unsatisfied, and undischarged, and can be fully paid if said estate of said bankrupt is reopened and said assets administered on."

[1] October 15, 1923, the petitioner, McColgan, moved the court to vacate and set aside the order reopening the estate. The petition to vacate was supported by an affidavit setting forth that the petitioner is the owner and seized in fee simple absolute of a vested remainder in fee in the property referred to in the petition to reopen; that the bankrupt has no right, title, or interest therein; that the petition to reopen was not filed within the time limited by law, and other matters not deemed material here. The petition to vacate was heard on affidavits and denied, and the case has been brought here by petition to review. The petitioner has adopted the proper practice, because the ex parte order was not subject to review in this court by petition for review or otherwise. "Although it is sometimes otherwise under a statute, the general rule is that no appeal lies from an ex parte judgment or order, the proper remedy being to apply to the court to have such judgment or order set aside, and then, if the application is denied, to take an appeal from the denial." 3 C. J. 608.

[2] The respondent has interposed a motion to dismiss, on the ground that the petitioner has no interest in the proceeding to reopen the estate. The question thus presented is by no means free from doubt. "The appellant's interest, to suffice, must be a direct and immediate pecuniary interest in the particular cause, and it is not sufficient that he is interested in the question litigated, or that, by the determination of the question litigated, he may be a party in interest to some other suit, growing out of the decision of that question." Id. 625.

If the order reopening the estate is permitted to stand, a new trustee may be elected or appointed, and, if a new trustee is appointed, the referee may authorize him to prosecute an action against the petitioner. In no other way can the petitioner be affected by the order complained of; but, if his fears are realized in that regard, it can only result in the bringing of an action against him by the trustee, and in that action he can interpose every objection here made, and every other defense available under the law. Kinder v. Scharff, 231 U. S. 517, 34 S. Ct. 164, 58 L. Ed. 343. If the petitioner has a legal right to review an order of this kind, we see no reason why every person, against whom a suit is authorized by a referee in bankruptcy, may not review the order authorizing the suit, even up to the Circuit Court of Appeals.

[3] But we need not base our decision upon that ground alone. The only question we are asked to review is the sufficiency of the petition to reopen. If this was a case where the complaint or petition must be sufficient in law to support the judgment or order complained of, there is merit in the contention made. But such is not this case. "We do not wish to be understood as holding that the petition to reopen an estate once closed must be of any formal or technical character. Such is not necessary, and in the practical administration of the bankruptcy act is not advisable, but such petition must be, either in itself, or in connection with supporting affidavits, of such persuasive character as to reasonably satisfy the court of the requisite jurisdictional fact, namely, that there are some assets belonging to the bankrupt which have not been administered." In re Newton, 107 F. 429, 46 C. C. A. 399.

[4] Defects or omissions in the petition to reopen may be supplied by supporting affidavits, and there is no reason why the supporting affidavits may not follow as well as precede the order. In other words, if it appeared to the satisfaction of the court below, on the hearing of the motion to vacate, that there are assets belonging to the bankrupt which have not been administered, that court would be amply justified in permitting the order to reopen to stand, as it would be an idle formality to vacate the old order and enter a new one. Neither the findings of the court below on the hearing of the motion to vacate, if any, nor the affidavits used on that hearing, have been brought here, and, in the absence of either the one or the other, we must presume that the order under review was justified by the facts.

The petition to revise is therefore dismissed.