### In re ROSEN.

District Court, S. D. New York.
March 19, 1936.

Finkelstein & Jacobs, of New York City, for trustee.

Leight & Neckritz, of New York City, for bankrupt.

Zalkin & Cohen, of New York City, for creditor.

PATTERSON, District Judge.

The referee has certified the question whether an estate may be closed, subject to reopening later to administer an asset that neither the trustee nor the creditors desire to pursue at the present time.

The bankrupt was duly adjudicated and a trustee elected. Only two creditors filed proofs of claim. The trustee collected some $11,000 in assets and also commenced suit against the bankrupt and several of her relatives to set aside an allegedly fraudulent transfer of certain life insurance policies. The suit has not yet been tried. Meanwhile the bankrupt applied for discharge, but discharge was denied. She then made a settlement with the two creditors. In the case of one creditor, the bankrupt's attorney took an assignment of the claim for the bankrupt's account. In

the case of the other the bankrupt made an agreement to pay the claim in installments and put up certain property as collateral security. The creditors then requested the trustee to take proceedings to close the estate and distribute the assets in hand, the suit to recover further assets to be dropped. The dropping of the suit, however, was to be subject to the rights of any successor trustee or any creditor to bring suit on the same claim in case the bankrupt should default in paying the creditors, and was not to be deemed an abandonment of the cause of action. The trustee accordingly asked that the estate be closed on the terms outlined by the creditors. The referee took the view that he had no power to close the estate on such conditions, but certified the question to the court.

The case is one where the assets have not been fully administered. The cause of action to recover property fraudulently transferred is an asset of the estate, not an undiscovered asset, but a known asset. The Bankruptcy Act, in section 2 (11 U.S.C.A. § 11) gives the court power to "(8) close estates, whenever it appears that they have been fully administered, by approving the final accounts and discharging the trustees, and reopen them whenever it appears they were closed before being fully administered." If estates are to be closed "whenever it appears that they have been fully administered," it must follow that they are not to be closed when it appears that they have not been fully administered. See In re Sayer, 210 F. 397 (D.C.N.Y.) There is no power to reopen an estate to permit suit by a trustee who had known of a cause of action all along, but had thought it not worth while to pursue it. Kinder v. Scharff, 231 U.S. 517, 521, 34 S.Ct. 164, 58 L.Ed. 343. The referee was right in concluding that he had no power to order the estate closed on the conditions here proposed.

It is true that the trustee, on authority from the court, may abandon worthless or burdensome assets. But here the unadministered asset is not to be abandoned; it is to be left floating around in the air. It is also true that the creditors are the real parties in interest and that the trustee on their unanimous vote would be directed to abandon even a valuable asset. Their unanimous vote, however, does not give the court broader power than it possesses under the act.

It would seem that the trustee in bankruptcy could assign his cause of action to the two creditors or to either of them, upon their authorization and on approval of the court. The estate would then be in condition to be closed, the cause of action would be preserved, and the rights of the creditors under their settlement with the bankrupt would be safeguarded. I suppose that a cause of action to recover property transferred in fraud of creditors is assignable.

The petition for closing the estate and for approval of the trustee's final account will be denied.