**WEBER v. FARRIS et al.**
No. 10834.

Circuit Court of Appeals, Ninth Circuit.
Jan. 2, 1946.

---

Thomas B. Leeper, of Sacramento, Cal., for appellant.

Elmer W. Armfield and Arthur B. Eddy, both of Woodland, Cal., for appellees.

Before DENMAN, HEALY, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal by the creditor of the estate of Edward A. Palm, a deceased farmer, having as its principal asset the deceased's hop farm in California, from an order of the district court denying appellant's motion to dismiss the petition of the appellees, special administrators of the deceased's estate, seeking a farmer debtor's relief under the provisions of section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.

Appellant purports to have appealed from orders of the district court, one for a crop mortgage to be made by appellees and another authorizing appellees to take possession of and operate the farm. These latter two appeals are ordered dismissed, since the orders were entered on February 21, 1944, and the notice of appeal not filed until June 13, 1944, 28 U.S. C.A. § 230.

The deceased farmer gave appellant his note secured by a deed of trust of the hop farm, providing for the right of its possession in the appellant on default of payment of principal on the note. At the time of farmer Palm's death in 1934 there was a default entitling appellant to possession. Wilhelmina Palm, the widow of Palm, was the devisee of the farm and in the probate proceedings, still pending, she became executrix of Palm's will. She was not successful in its management and appellant, with her consent, became administrator with the will annexed of the deceased's estate and continued as such until 1944.

In the interim the widow died and her children succeeded to her ownership of the hop farm. In January 1944 the superior court substituted the appellees, two of the children, for appellant in the management of the hop farm, appointing them special administrators. They were authorized to seek relief in this bankruptcy proceeding.

Thereafter, in February 1944, appellant filed in the superior court of Sacramento County, California, his complaint to foreclose the trust deed and for a receiver during the pendency of the foreclosure proceedings. Appellees then initiated this proceeding, filing their petition seeking a compromise under section 75. The district court made the orders first referred to above. Appellant petitioned to dismiss the proceeding. The court denied the petition and this appeal followed.

One of the grounds of the appeal is that the appellee administrators of the estate are not farmers. There is no merit

in this contention. The pertinent portion of section 75, subdivision r, is as follows:

"(r) For the purposes of this section and section 22(b) the term 'farmer' includes not only an individual who is primarily bona fide personally engaged in producing products of the soil, * * * or the principal part of whose income is derived from any one or more of the foregoing operations, and includes the personal representative of a deceased farmer; and a farmer shall be deemed a resident of any county in which such operations occur."

Appellant admits that the deceased person in whose estate the farm was being probated was a farmer; the appellees are the personal representatives of the deceased farmer and as such are to be deemed farmers. The evidence is clear that the principal part of the income of the estate coming to its administrators, such personal representatives of the deceased farmer, is from the hop farm. Leonard v. Bennett, 9 Cir., 116 F.2d 128, 131.

■ Another contention is that the appellant is entitled to possession until the debt is paid because the widow, when she consented to the substitution of appellant as administrator, also made a verbal agreement with him that he was to hold possession, not under the court but under his trust deed. On this the evidence is to the contrary. The last act of appellant with reference to the possession of the farm was in the summer of 1943 in the leasing of the entire farm to one Sophia Oeste, as administrator of the estate. One so exercising his trustee power as administrator of the decedent's estate is estopped to claim that his action was in his own interest as mortgagee and that the possession acquired by the lease from the estate comes from him as mortgagee.

■ Even if there had been such an agreement by the widow and binding upon the probate court, though without its consent, all of appellant's rights under the trust instrument were being litigated in the foreclosure proceeding against appellees. Under the first paragraph of subdivision n [1] of section 75, the filing of the appellees' petition in the bankruptcy court transferred there the "exclusive jurisdiction" over appellees' rights in the hop farm. This exclusive jurisdiction over the foreclosure proceeding continues until the order of the bankrutcy court granted upon petition, as provided in subdivision o,[2] permits another tribunal to act.

The order denying the motion to dismiss the petition is affirmed.

HEALY, Circuit Judge (concurring).

I concur in the result.

The orders authorizing appellees to execute a crop mortgage and authorizing them to take possession of the farm were made ex parte. These orders are not appealable under the rule announced by this court in McColgan v. Clark, 4 F.2d 627, followed in Doyle v. Ponsford, 8 Cir., 136 F.2d 401. Compare, also, In re Retail Chemists Corporation, 2 Cir., 66 F.2d 605. As held in the McColgan case, no appeal lies from an ex parte judgment or order in bankruptcy, the remedy being to apply to the court to have the same set aside, and if the application is denied, review may be had by appeal from the denial. Accordingly, I think the two appeals mentioned should be dismissed on the ground that the orders were not appealable.

---

[1] (n) The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under this section, shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, * * *."

[2] (o) Except upon petition made to and granted by the judge after hearing and report by the conciliation commissioner, the following proceedings shall not be instituted, or if instituted at any time prior to the filing of a petition under this section, shall not be maintained, in any court or otherwise, against the farmer or his property, at any time after the filing of the petition under this section, and prior to the confirmation or other disposition of the composition or extension proposal by the court: * * *

"(2) Proceedings for foreclosure of a mortgage on land, or for cancellation, rescission, or specific performance of an agreement for sale of land or for recovery of possession of land; * * *."