## CITIZENS NATIONAL BANK OF LUBBOCK v. SPEER et al.

### No. 14195.

United States Court of Appeals Fifth Circuit.

March 11, 1953.

---

Robt. H. Bean and Klett, Bean & Evans, Lubbock, Tex., for appellant.

Charles C. Crenshaw, Lubbock, Tex., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order of the court below denying the petition of appellant, the Citizens National Bank of Lubbock, to intervene in a pending bankruptcy proceeding wherein C. M. Henderson was adjudged a bankrupt. The purpose of the bank, if allowed to intervene, was to file a motion to vacate the adjudication of said Henderson as a bankrupt, which had previously taken place. At the outset in this court, the appellee moved to dismiss the bank's appeal, which motion will be denied and the bank's request to intervene considered on its merits.

The bank's petition shows on its face that it is not a party in interest to said proceeding. If interested at all, it is only by virtue of being a preference creditor or transferee of the bankrupt, whose debt was paid or satisfied prior to the filing of the involuntary petition in bankruptcy. We think the court below committed no error in not allowing the bank to intervene.

To be an interested party, the appellant must be affected or aggrieved by the order of adjudication. On the face of the record before us, such order does not affect it unless it may be construed as adjudicating the bank to be a preference creditor or transferee, and it is not susceptible of any such construction. Manson v. Williams, 213 U.S. 453, 29 S.Ct. 519, 53 L.Ed. 869; Friend v. Talcott, 228 U.S. 27, 33 S.Ct. 505, 57 L.Ed. 718; Kinder v. Scharff, 231 U.S. 517, 34 S.Ct. 164, 58 L.Ed. 343; Gratiot County State Bank v. Johnson, 249 U.S. 246, 39 S.Ct. 263, 63 L.Ed. 587; Liberty National Bank of Roanoke v. Bear, 265 U.S. 365, 44 S.Ct. 499, 68 L.Ed. 1057; In re Snyder, 9 Cir., 4 F.2d 627; J. S. & J. F. String v. Birkhahn, 3 Cir., 30 F.2d 492; Rogers v. Bank of America Nat. Trust & Savings Ass'n, 9 Cir., 142 F.2d 128, 129; Vol. 2, Collier on Bankruptcy, p. 110–114.

The judgment appealed from is affirmed.

Affirmed.