151 So.2d 877 (1963)
YOUNG ADULTS FOR PROGRESSIVE ACTION, INC., James A. Hammond, Willie G. Dixon, Jr., Betty P. Brown, Bernice L. Nelson, Perry A. Sullivan, Mary Grice and Sylvia Q. Algood, Appellants,
v.
B & B CASH GROCERY STORES, INC., Appellee.
No. 3374.
District Court of Appeal of Florida. Second District.
March 20, 1963.
Rehearing Denied April 23, 1963.
Francisco A. Rodriquez, Tampa, for appellants.
Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellee.
BARNS, PAUL D., Associate Judge.
The above named appellee as plaintiff (hereinafter referred to as "B & B") brought a suit in equity seeking an injunction against the above named appellants (hereinafter referred to as "Young Adults") enjoining them from picketing appellee-plaintiff's stores. At final hearing a permanent injunction was granted as prayed; whereupon the defendants appealed. We find no harmful error and affirm.
The "Young Adults" organization and its members and associates engaged in concerted action to boycott and to induce others to boycott B & B's store if it failed to employ members of the Negro race in positions above or superior to those then employed in menial services. The boycott was by means of pickets carrying signs "QUALIFIED NEGROS CAN'T WORK HERE. DON'T BUY AT B & B"; "LETS NOT BUY AT B & B UNTIL WE GET BETTER JOBS"; and by personal communication to prospective customers *878 by the pickets. The picketing followed a threat from the "Young Adults" by letter wherein it was stated:
"If we have not heard from you by the aforementioned date, we shall have no alternative but to bring this matter to the attention of negro citizens, and ask them to boycott the B & B Supermarkets."
When the appellee did not meet the requests or demands made by the appellants, the appellants began to peacefully picket one of the appellee's stores located at the corner of Zack and Morgan Streets, in Tampa, Florida.
The picketing continued intermittently for approximately eight months. The picket lines consisted of individuals, bearing picket signs which stated that the appellee had refused to hire negroes in the positions aforesaid, and that the appellee engaged in discrimination against negroes in its hiring policy. The pickets also distributed handbills to those persons doing business with the appellee which allegedly described the objectives of the picketing. The pickets would orally communicate with the patrons of the store and would ask them not to trade with the appellee, and in some instances were successful. The appellee does not contend that the picketing was, with insignificant exception, other than peaceful, and remained so throughout the entire period of time that the pickets paraded before the appellee's store.
There is no showing or contention that any qualified member of the Negro race even made application to B & B for a "white-collar" position. However, it is suggested by the President of Young Adults that B & B could train members for such services. The evidence of discrimination is negative in that none are so employed. As a result of the picketing there is evidence showing that B & B's loss of sales over the eight month period exceeded $100,000. There is no labor dispute between B & B and any present or former employee, or between it and any one claiming to represent the interest of labor.
In the absence of a legal interest, the general public policy of this state is as found in the language used in Van Zandt v. McKee, 202 F.2d 491 (5th Circuit, 1953):
"The right to life, liberty, and the pursuit of happiness, includes the right to work and earn an honest living; but it does not include the right to work for any particular individual without the latter's consent. One man's right to work stops short of the other fellow's right not to hire him."
Young Adults claims immunity to the power of the court to enjoin its picketing because of its employment of "free speech" in its picketing. The picketing employs speech but such picketing is more than "free speech" and must be dealt with accordingly. Hughes v. Superior Court, 339 U.S. 460, 70 S.Ct. 718, 94 L.Ed. 985. International Brotherhood of Teamsters, etc., Union v. Hanke, 339 U.S. 470, 70 S.Ct. 773, 94 L.Ed. 995.
For the defendant-appellee to employ negro persons exclusively would not infringe on the rights of the non-colored. B & B is free to pursue its own policy in this respect. Neither should B & B in the management of its own business be subjected to the coercive action of a customer boycott carried out by picketing by the concerted action of "Young Adults" because of the mere non-employment of Negroes in certain capacities. The freedom of opportunity to do business is to be protected so long as the means are justified.
The decree appealed is affirmed.
SHANNON, C.J., and ALLEN, J., concur.