In re David L. ABBOTT, Debtor.

Earlene L. ABBOTT, Appellant,

v.

Charles DAFF, Chapter
7 Trustee, Appellee.

BAP No. CC–94–1848–MeSHa.
Bankruptcy No. SA91–37209JW.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 21, 1995.

Decided April 25, 1995.

Bruce E. Grubaugh, Orange, CA, for appellant.

Robert M. Brown, San Francisco, CA, for appellee.

Before MEYERS, SULLIVAN[1] and HAGAN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The bankruptcy court granted the trustee's motion to reopen the debtor's bankruptcy case. The trustee sought to reopen the case in order to pursue a fraudulent transfer action against the debtor's wife. The debt-

---

[1]. Hon. Donal D. Sullivan, Chief Bankruptcy Judge for the District of Oregon, sitting by desig-

or's wife moved to set aside the order, but the court denied that motion. The wife has appealed; however, she lacks standing. Therefore, the appeal is **DISMISSED**.

### II

### FACTS

David Abbott ("David") filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 29, 1991. On August 21, 1991, Charles W. Daff was appointed to serve as the Chapter 7 trustee ("Trustee"). On September, 1991, the Trustee filed a no asset report. David was granted a discharge on March 18, 1993, and the case was closed on May 17, 1993.

On June 16, 1993, the Trustee filed a motion to reopen the case. He asserted that he intended to file a complaint against David's wife, Earlene Abbott ("Earlene"), to recover an allegedly fraudulent transfer. It appears that there was no hearing on the motion. Notice was given to David. There is no indication as to whether David and Earlene were residing together at that time such that she had notice of the motion. The motion was granted and the order reopening the case was entered on June 22, 1993.

On July 27, 1993, the Trustee filed the anticipated complaint against Earlene. On February 17, 1994, Earlene filed a motion to set aside the order reopening. A hearing on this motion was conducted on March 10, 1994. The court denied the motion by its order entered on July 11, 1994. Earlene has appealed this order.

### III

### STANDARD OF REVIEW

The issue of standing is a mixed question of fact and law. *In re Anchorage Nautical Tours, Inc.*, 145 B.R. 637, 641 (9th Cir. BAP 1992). Findings of fact are reviewed under a clearly erroneous standard, while issues of law are reviewed *de novo*. *Id.*

nation.

200

## IV

## DISCUSSION

■ "Standing represents a jurisdictional requirement which is open to review at all stages of the litigation." *National Organization For Women, Inc. v. Scheidler*, —— U.S. ——, ——, 114 S.Ct. 798, 802, 127 L.Ed.2d 99 (1994). The test for standing is generally referred to as the "person aggrieved" test. Only entities who are directly and adversely affected pecuniarily by an order of the bankruptcy court have standing to appeal. *Matter of Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983). The entity must demonstrate that the order diminished its property, increased its burdens or detrimentally affected its rights. *Id.*

In *Fondiller*, the Chapter 7 trustee moved to employ counsel to pursue an allegedly fraudulent transfer made by the debtor to his wife. The debtor and his wife both objected. The bankruptcy court approved the appointment and the wife appealed. The Ninth Circuit Court of Appeals stated that the wife's "only demonstrable interest in the order [was] as a potential party defendant in an adversary proceeding." 707 F.2d at 443. The Ninth Circuit held that this was not sufficient to show that she was a "person aggrieved." Consequently, the court dismissed the appeal based on the wife's lack of standing.

Other circuit courts likewise have ruled that standing is not demonstrated if the only interest in a bankruptcy court's order is an interest as a potential defendant in an adversary proceeding. *See Travelers Insurance Co. v. H.K. Porter Co., Inc.*, 45 F.3d 737 (3d Cir.1995); *In re El San Juan Hotel*, 809 F.2d 151, 155 (1st Cir.1987). While there might be an interest in defending against liability, the appellant is not prevented from doing so by the bankruptcy court's order. Nor does the court's order prevent the appellant from asserting any claims or defenses. *Porter*, 45 F.3d at 743. These courts concluded that the appellant's interest does not satisfy the appellant's need to show that the court's order diminishes the appellant's property, increases its burdens or detrimentally affects its rights.

This proposition of law has a long history. In *In re Snyder*, 4 F.2d 627 (9th Cir.1925), the bankruptcy case was reopened on an ex parte application by a creditor. The creditor alleged that the debtor had failed to schedule certain property which could have been used to pay off creditors. A party moved to vacate the order reopening, contending that he was the owner of the property in question and that the estate had no interest in the property. On appeal, the respondent moved to dismiss for lack of standing. The Court of Appeals stated that the only possible impact on the appellant was that he might be sued. And, in any such action he could interpose any defenses available under law. 4 F.2d at 628. The court found it appropriate to dismiss the appeal.

■ A motion to reopen is simply a mechanical device which can be brought ex parte and without notice. *In re Daniels*, 34 B.R. 782, 784 (9th Cir. BAP 1983). It has no independent legal significance and determines nothing with respect to the merits of the case. *In re Germaine*, 152 B.R. 619, 624 (9th Cir. BAP 1993). The order denying the motion to set aside did not diminish Earlene's property, increase her burdens or detrimentally affect her rights. She was not a "person aggrieved" by that order. The order left Earlene to defend the fraudulent transfer complaint. It did not prevent her from asserting any claims or defenses. Earlene has no standing to appeal the order reopening the case.

Earlene contends that reversal is dictated by *Kinder v. Scharff*, 231 U.S. 517, 34 S.Ct. 164, 58 L.Ed. 343 (1913) (Holmes, J.). That case does not apply to the appeal before us. In *Kinder*, the order on appeal was not an order reopening the bankruptcy case. Rather, *Kinder* involved an appeal from a final judgment on the merits of a fraudulent transfer action in which the defendant raised the statute of limitations as a defense. It is true that the Supreme Court stated that the "judge had no power, by an *ex parte* order reopening the estate, to remove the bar that was completed, and that there was no ground for removing." *Kinder*, 231 U.S. at 521, 34 S.Ct. at 165. However, that simply means that the statute of limitations cannot be re-

moved as a bar to an action by way of an *ex parte* order reopening a case.[2] Instead, the appropriate time for the court to rule on the defense is during the course of the anticipated adversary proceeding.

If the bankruptcy court in this case had ruled on Earlene's statute of limitations defense in the course of reopening the case, then we would agree that *Kinder* might require reversal. Here, however, the trial court did no such thing. The court did nothing more than effect the ministerial task of having the court file retrieved from the collection of closed cases to enable the filing of a new request for relief. *See Germaine, supra,* 152 B.R. at 624. The court did not prevent Earlene from raising her statute of limitations defense in response to the trustee's complaint. It simply allowed the trustee to proceed with his attempt to recover the alleged fraudulent transfer. In that action Earlene "can interpose every objection here made, and every other defense available under the law." *Snyder, supra,* 4 F.2d at 628 (citing *Kinder*).

## V

### CONCLUSION

Neither the order setting aside the reopening, nor the order reopening itself, diminished Earlene's property, increased her burdens or detrimentally affected her rights. She is not a "person aggrieved" by either order. Consequently, she lacks standing to bring this appeal.

**DISMISSED.**

---

**2.** *Kinder* is of questionable use even if the statute of limitations issue was before us. In *Kinder* the two year period to file the action expired well before the court reopened the case. In fact, a review of the lower court's opinion in *Kinder* reveals that the bankruptcy case had been closed for four years before the trustee filed suit. *Kinder v. Scharff,* 129 La. 218, 219, 55 So. 769, 770 (La.1911). In this case the trustee filed the adversary complaint within the two year period set forth in Section 546.