In re Lina **HARALAMBOUS**, Debtor.

No. 98–21363.

United States Bankruptcy Court,
D. Connecticut.

Jan. 5, 2001.

Patrick T. Hulton, Hartford, Counsel for Debtor.

Anthony S. Novak, Chorches & Novak, P.C., Wethersfield, Counsel for Trustee.

*MEMORANDUM OF DECISION RE: REOPENING DEBTOR'S CHAPTER 7 CASE*

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

I.

For decision is the objection of Lina Haralambous ("the debtor") to the court's order granting the motion of Anthony S. Novak, Chapter 7 bankruptcy trustee ("the trustee"), to reopen the debtor's case. The court will also determine whether certain property of the debtor's estate was abandoned upon the original closing of the debtor's case. The parties have submitted the matters upon a stipulation of facts and their memoranda of law.

II.

The debtor filed a Chapter 7 bankruptcy petition on April 1, 1998. She did not list any real property in Schedule A of her petition. The trustee conducted the Bankruptcy Code § 341 meeting of creditors on May 28, 1998 and, on June 9, 1998, filed a Report of No Distribution after concluding that the estate contained no assets for distribution to unsecured creditors. Shortly thereafter, a creditor of the debtor's estate supplied the trustee with a copy of a deed, in Greek, which showed that, on October 6, 1995, the debtor's father conveyed to the debtor an interest in real property located in Greece ("the property"). The court thereafter granted the debtor a discharge, and on May 5, 1999, her case was closed. On August 16, 1999,

never having amended her schedules to disclose the property, the debtor transferred the property, for no consideration, to her children.

After receiving an offer to buy the debtor's interest in the property for $5,000, the trustee, on May 30, 2000, filed a motion to reopen the case. The court, *ex parte*, granted the motion on June 10, 2000. The debtor, on June 23, 2000, filed an objection to the order reopening the case. The objection is treated as a motion to vacate the court order reopening the case.

### III.

The debtor argues that the case should not be reopened because the trustee was aware of the existence of the property, chose not to administer the property before the case was closed, and, thus, the property has been abandoned to the debtor. The debtor contends that Bankruptcy Code § 350(b)[1] is intended to permit the reopening of a bankruptcy case to administer assets only if the trustee was unaware of the existence of such assets prior to the closing of the case.

The trustee argues that, since the debtor did not schedule the property prior to the closing of her case, under the plain language of Bankruptcy Code §§ 554(c) and 554(d)[2], the property was not abandoned, and it remains property of the estate.[3]

### IV.

▇▇▇ As this court has previously stated, " '[t]he reopening of a case is merely a ministerial or mechanical act which allows the court file to be retrieved ... to enable the court to receive a new request for relief; the reopening, by itself, has no independent legal significance and determines nothing with respect to the merits of' any requested order. Thus, the debtor's objection to the reopening of her case, treated as a motion to vacate, is not meritorious, and is denied." *In re Suplinskas*, 252 B.R. 293, 294–95 (Bankr.D.Conn.2000) (quoting *United States v. Germaine (In re Germaine)*, 152 B.R. 619, 624 (9th Cir. BAP 1993)). The court concludes that, under the circumstances here presented, the debtor's "objection" to the order reopening her case must similarly be overruled.

▇▇▇ The question of whether the property is property of the bankruptcy estate remains. The debtor relies on preBankruptcy Code case law for her argument that the intent of the trustee to abandon is determinative and that such intent may be inferred from his failure to administer the property prior to the closing of the estate. This reliance is misplaced as the former Bankruptcy Act contained no provision analogous to Bankruptcy Code § 554 and such rulings[4] are inapposite. *See 5 Collier*

---

**1.** Section 350, entitled *Closing and reopening cases,* in relevant part, provides:

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

**2.** Section 554, entitled *Abandonment of property of the estate,* in relevant part, provides:

...

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purpose of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not adminis-

tered in the case remains property of the estate.

**3.** The parties have not briefed the issue of whether, if the court determines there was no abandonment of the property, the debtor's subsequent transfer of the property to her children is void or voidable. The stipulation of facts, paragraph 15 states:

On August 16, 2000, the Debtor amended Schedule A and C to include the Greek Real Property with a value of $5,000.

The court construes this stipulation to mean that if the court determines there was no abandonment of the property, the debtor has the intent and ability to return title to the property to the debtor's estate.

**4.** *In re Rosen*, 15 F.Supp. 516 (S.D.N.Y.1936); *Kinder v. Scharff*, 231 U.S. 517, 34 S.Ct. 164, 58 L.Ed. 343 (1913).

*on Bankruptcy* (15th ed.) ¶ 554.LH[1] ("[T]he former statute was silent about a general right to abandon [and] it made no provision as to what constituted abandonment."). Under the former Bankruptcy Act, ("[m]any courts held that a formal act was not absolutely essential [for abandonment] and that any clear manifestation of the trustee's intent to disclaim would suffice.... Section 554 of the Code incorporates the power of abandonment into bankruptcy legislation for the first time. This section ... seeks to clarify certain ambiguities.") *Id.; also see Tavormina v. Harris* (*In re Harris*), 32 B.R. 125, 127–28 (Bankr.S.D.Fla.1983) (Holding that unscheduled property cannot be deemed abandoned, the court stated that, "Although there were several aberrant decisions under the former Bankruptcy Act of 1898 that would impute knowledge of an asset, not explicitly scheduled, [to the trustee] ... there is no basis in the present statutory provision or its legislative history that such a result is intended by the present statute."); *Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir.1995) (holding that even if trustee had actual knowledge of the existence of an unscheduled asset prior to filing his report of no assets, such unscheduled assets remained property of the estate); *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991) ("It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1)" before the close of the case); *Cundiff v. Cundiff* (*In re Cundiff*), 227 B.R. 476, 479 (6th Cir. BAP 1998) ("It is clear that an asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. § 554.").

The court concludes that the debtor's interest in the property, which was not scheduled by the debtor prior to the closing of her case, was not abandoned and remains property of the estate.

## V.

### CONCLUSION

In accordance with the foregoing discussion, the debtor's objection to the order reopening her case, treated as a motion to vacate, is overruled, and the court determines that the property, not having been abandoned, remains property of the debtor's estate. It is

SO ORDERED.