In re: **VALLEY BUSINESS CENTER, Debtor,**

**Farmers & Merchants Bank of Long Beach, Appellant,**

v.

**Valley Business Center, Appellee.**

No. 04–56320.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 23, 2006.

Filed Nov. 3, 2006.

Michael Leight, Esq., Long Beach, CA, for Appellant.

Kenneth J. Catanzarite, Esq., Catanzarite Law Corporation, Anaheim, CA, for Appellee.

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

MEMORANDUM *

Farmers & Merchants Bank of Long Beach ("Farmers") appeals the district court's dismissal of its appeal from the bankruptcy court's order reopening Valley Business Center's ("VBC") Chapter 11 Bankruptcy case, which had been dis-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

missed in 1998. The district court held that Farmers lacked standing to appeal the bankruptcy court's reopening order because such order was ministerial in nature and did not affect Bank's substantive rights. The district court also held that even if Farmers had standing to contest the reopening order, that order is interlocutory and therefore not appealable as of right. We have jurisdiction under 28 U.S.C. § 158(d)(1) and affirm.

As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. A party has appellate standing in the context of bankruptcy appeals if that party is a "person aggrieved" by the bankruptcy court's order. *See Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983). A "person aggrieved" is one who is "directly and adversely affected pecuniarily by an order of the bankruptcy court." *Id.* at 442. The order "must diminish the appellant's property, increase its burdens, or detrimentally affects its rights." *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir.1999).

■ Bankruptcy court reopening orders do not satisfy this standard. The case law is clear that reopening orders are "simply a mechanical device...." *Abbott v. Daff (In re Abbott)*, 183 B.R. 198, 200 (9th Cir. BAP 1995). They have "no independent legal significance and determine[] nothing with respect to the merits of the case." *Id.; see also Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 913 (9th Cir. BAP 1999). Given the nature of reopening orders, the district court did not err in determining that Farmers is not a person aggrieved. Even if VBC became a "debtor-in-possession" over the estate's sole as-

set—the claims against Farmers—as a result of the reopening order, Farmers still lacks person aggrieved status. *See Paine v. Dickey (In re Paine)*, 250 B.R. 99, 105 (9th Cir. BAP 2000); *In re Abbott*, 183 B.R. at 200–01. Thus, we hold that Farmers lacks standing to contest the reopening order.[1]

■ Further, we affirm the district court's holding that reopening orders are interlocutory and therefore not appealable as of right. We have explained that a bankruptcy court order is final for purposes of appeal where the order (1) "resolves and seriously affects substantive rights," and (2) "finally determines the discrete issue to which it is addressed." *Elliott v. Four Seasons Properties (In re Frontier Properties, Inc.)*, 979 F.2d 1358, 1363 (9th Cir.1992). Even under this more flexible standard of finality, the ministerial reopening order was not a final order. Reopening orders simply do not affect the substantive rights of the litigants because the orders do not determine the merits of any claim. *See Wilborn v. Gallagher (In re Wilborn)*, 205 B.R. 202, 206 (9th Cir. BAP 1996).

**AFFIRMED.**

---

1. Nothing in our disposition prohibits Farmers from asserting in the bankruptcy court, as it did with the Second Amended Adversary Complaint, that the bankruptcy court lacked jurisdiction to reopen the bankruptcy case, a question we do not reach on this appeal.