RECOMMENDED FOR FULL-TEXT PUBLICATION

*File Name: 17b0004p.06*

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: WAYNE L. WRIGHT,

*Debtor.*

No. 16-8019

Appeal from United States Bankruptcy Court
for the Northern District of Ohio at Cleveland.
No. 10-20299—Jessica E. Price Smith, Judge.

Argued: February 7, 2017

Decided and Filed: April 17, 2017

Before: HARRISON, PRESTON, and WISE, Bankruptcy Appellate Panel Judges.

————————————

## COUNSEL

**ARGUED:** Gino Pulito, PULITO AND ASSOCIATES, LLC, Elyria, Ohio, for Debtor. Lauren A. Helbling, LAUREN A. HELBLING CO. LPA, Cleveland, Ohio, for Trustee. **ON BRIEF:** Gino Pulito, PULITO AND ASSOCIATES, LLC, Elyria, Ohio, for Debtor. Lauren A. Helbling, LAUREN A. HELBLING CO. LPA, Cleveland, Ohio, for Trustee.

————————————

## OPINION

————————————

MARIAN F. HARRISON, Bankruptcy Appellate Panel Judge. Wayne L. Wright ("debtor") filed this appeal from the bankruptcy court's order granting the Chapter 7 Trustee's ("trustee") motion for authority to compromise personal injury and workers' compensation claims. The bankruptcy court rejected the debtor's argument that the trustee had abandoned those claims when the decree closing the case did not specify that the estate retained the claims. For the reasons stated below, the Panel reverses in part and affirms in part the bankruptcy court's ruling.

**ISSUES ON APPEAL**

1.  Whether the bankruptcy court erred by finding that the debtor's personal injury claim was not abandoned with the closing of the case.

2.  Whether the bankruptcy court erred by finding that the debtor's Bureau of Workers' Compensation ("BWC") claim was not abandoned with the closing of the case.

3.  Whether the bankruptcy court erred in granting the trustee's motion for authority to compromise.

**JURISDICTION AND STANDARD OF REVIEW**

The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotations omitted). "An order approving a proposed settlement is a final order." *Stark v. Moran* (*In re Moran*), 385 B.R. 799 (B.A.P. 6th Cir. 2008) (table) (citing *Adam v. Itech Oil Co.* (*In re Gibraltar Res., Inc.*), 210 F.3d 573, 576 (5th Cir. 2000)).

The initial issue in this case is whether certain assets of the bankruptcy estate were abandoned when the case was closed without an order of the court expressly reserving the assets to the estate pursuant to 11 U.S.C. § 554(c) or (d). This question of statutory interpretation is reviewed de novo. *In re DeGroot*, 484 B.R. 311, 313 (B.A.P. 6th Cir. 2012) (citing *Kottmeier v. United States* (*In re Kottmeier*), 240 B.R. 440, 442 (M.D. Fla. 1999)). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007) (citation omitted). The bankruptcy court's application of the phrase "'[u]nless the court orders otherwise' in § 554(c) and (d) is . . . reviewed for abuse of discretion." *In re DeGroot*, 484 B.R. at 313 (citations omitted). "An abuse of discretion occurs only when the [bankruptcy] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL* (*In re*

*Murray, Inc.*), 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008) (citations omitted). Finally, "'a bankruptcy court's decision to approve or disapprove a settlement rests in the sound discretion of the bankruptcy [court.]'" *In re Azbill*, 385 B.R. 799 (B.A.P. 6th Cir. 2008) (table) (citation omitted). *See* Fed. R. Bankr. P. 9019. *See also Bard v. Sicherman* (*In re Bard*), 49 F. App'x 528 (6th Cir. 2002); *Mach. Terminals, Inc. v. Woodward* (*In re Albert–Harris, Inc.*), 313 F.2d 447, 449 (6th Cir. 1963).

## FACTS

The debtor filed his Chapter 7 petition on October 19, 2010. On Schedule B, the debtor listed a personal injury claim against James Simms ("Simms") for personal injuries sustained from a fall while under Simms' employ. The value of the claim was listed as "unknown," and no exemption was claimed in this potential asset on Schedule C. On December 9, 2010, the trustee filed a notice of assets. On January 19, 2011, the trustee filed an application to employ the debtor's personal injury attorney as special counsel to prosecute the personal injury claim in state court. The application was approved on February 2, 2011. In 2011, a personal injury complaint was filed in state court against Simms, and in 2012, a companion action was filed against BWC.[1] The debtor filed amended Schedules on October 27, 2011. On the amended Schedule B, the debtor listed the personal injury lawsuit and valued it at $21,625. On the amended Schedule C, the debtor listed the personal injury claim, but claimed no exemption (listing the value of the exemption as "0.00"). The debtor has never listed the claim against BWC in his Schedules.

On April 23, 2013, the trustee filed a Chapter 7 Trustee's Report of No Distribution ("NDR"), certifying that the estate had been fully administered "with the exception of a possible settlement in connection with a personal injury claim" against Simms. The NDR further stated:

> The above-referenced settlement shall remain property of the bankruptcy estate upon the entry of a final decree; if money becomes available to creditors from this asset, the case will be re-opened and a trustee will be appointed to administer the asset.

---

[1] The cases were dismissed in May 2013. The cases were refiled by the debtor against Simms and BWC in April 2014.

(NDR, Bankr. Case ECF No. 50, April 23, 2013). The bankruptcy court entered the final decree closing the case and discharging the trustee on May 10, 2013, and it contained no reservations regarding the personal injury claim.

Almost two years later, on April 13, 2015, the trustee filed a motion to reopen the case, asserting that special counsel had recently notified her of an offer of settlement in connection with the personal injury case. The debtor objected on the basis that the trustee had abandoned any interest in the personal injury litigation. On August 5, 2015, an agreed order was entered whereby the case was reopened but the debtor's argument asserting abandonment was reserved. The trustee withdrew the NDR, and special counsel was reinstated, over the debtor's objection, for the limited purpose of presenting a settlement offer. On December 17, 2015, the trustee filed a motion to compromise the personal injury claim for $180,000. Despite the debtor's failure to assert an exemption in the claim, the trustee proposed to pay the debtor $21,625, the amount he could have claimed exempt. Again, the debtor objected, asserting that the personal injury claim was abandoned by the trustee. Additionally, the debtor noted that the claim against Simms and the claim against BWC are interrelated, that the settlement is a global settlement encompassing the claim against BWC in which the trustee has no interest, and that settlement cannot be forced on the debtor (as owner of the BWC claim). The trustee countered that both claims remain property of the bankruptcy estate.

A hearing was held on March 8, 2016. At the hearing, no evidence or testimony was presented, nor did the parties request the opportunity to present evidence. Instead, the bankruptcy court granted the trustee's motion to compromise based on the filings:

> So there seems to be an ongoing issue with respect to this particular matter and the nature of the claims, and it was the assertion of the debtor that the claims had been abandoned.

I find that the claims were not abandoned, that the statement by the Trustee preserved the potential claims for the benefit of the estate. The final decree has been revised reflecting the existence of the personal injury claim. The motion to compromise is granted, and the objection of the debtor to the motion is overruled.

(Hearing Tr. 2:8-17, Bankr. Case ECF No. 109, March 8, 2016).

The order approving the compromise was entered on May 13, 2016. The debtor filed a notice of appeal on May 23, 2016.

## DISCUSSION

## Personal Injury Claim

The debtor asserts that the personal injury claim was abandoned by the trustee when the case was closed because nothing in the bankruptcy court's order closing the case referred to the preservation of the Simms litigation as an asset of the bankruptcy estate. In response, the trustee argues that she specifically reserved the personal injury claim in the NDR and therefore set forth the predicate for obtaining the court order required under 11 U.S.C. § 554(c) in the event the case was reopened.

An asset of a bankruptcy estate is abandoned by operation of law pursuant to 11 U.S.C. § 554(c), which provides as follows:

Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

Abandonment pursuant to 11 U.S.C. § 554(c), "which requires only the ministerial act of the Clerk's Office," is different from abandonment pursuant to 11 U.S.C. § 554(a) and (b), "which requires an unequivocal act" with notice and a hearing. *In re Balonze*, 336 B.R. 160, 169 (Bankr. D. Conn. 2006). Abandonment pursuant to 11 U.S.C. § 554(c) is commonly referred to as "technical" abandonment, but the "more legally precise description of the abandonment that occurs under § 554(c) is to simply state that abandonment under § 554(c) occurs statutorily, by operation of law." *In re Reiman*, 431 B.R. 901, 908 (Bankr. E.D. Mich. 2010). The limited number of cases interpreting a court's authority to "order otherwise" pursuant to 11 U.S.C.

§ 554(c) have considered the issue in the context of whether a technical abandonment may be revoked after a case is reopened. *See, e.g., id.* (abandonment pursuant to 11 U.S.C. § 554(c) may be revoked under certain circumstances); *LPP Mortg., Ltd. v. Brinley*, 547 F.3d 643, 650 (6th Cir. 2008) ("bankruptcy court did not abuse its discretion in determining that the equities weighed in favor of revoking the abandonment"). In *In re Brinley*, 347 B.R. 613 (Bankr. W.D. Ky. 2006), the bankruptcy court adopted the approach taken in *Woods v. Kenan* (*In re Woods*), 173 F.3d 770 (10th Cir. 1999), of applying the guidelines of Federal Rule of Civil Procedure 60(b) to determine whether a technical abandonment should be revoked. The bankruptcy court stated:

> This approach provides a certain amount of finality in that abandonments are not automatically revoked upon the re-opening of a bankruptcy case or granted without any limitations or restrictions. Safeguards are in place to protect the debtor against open ended abandonment revocations and the potential subsequent turnover of appreciated property. Finally, it requires parties to act with due diligence, and yet allows some flexibility in situations where relief is appropriate.

*Id.* at 618 (citation omitted). In affirming the bankruptcy court in *Brinley*, the Sixth Circuit Court of Appeals stated that "[t]he application of Fed. R. Civ. P. 60(b) strikes the appropriate balance between promoting finality and allowing courts to grant relief in limited circumstances." 547 F.3d at 649.

Unlike the revocation of abandonment cases (which assume an abandonment has occurred), the narrow issue presented to this Panel is whether the personal injury claim was statutorily abandoned by operation of law upon entry of the final decree. The answer is yes. The plain language of the statute unambiguously states that if an asset was properly scheduled and not administered by the trustee, upon closing the case, the asset is abandoned as a matter of law. *DeVore v. Marshack* (*In re DeVore*), 223 B.R. 193, 197 (B.A.P. 9th Cir. 1998). "When the statute's language is plain, the sole function of the courts' [sic] . . . is to enforce it according to its terms." *Hildebrand v. Petro* (*In re Petro*), 395 B.R. 369, 374 (B.A.P. 6th Cir. 2008) (citations and internal quotation marks omitted). Moreover, legislative history confirms this interpretation: "[i]n order to aid administration of the case, subsection [c] deems the court to have authorized abandonment of any property that is scheduled under Section 521[a](1) and that is not

administered before the case is closed."  S. Rep. No. 95-989, at 92, *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5878.  The statute does not leave trustees without a remedy:

> [T]he trustee has the opportunity and the right under § 554(c), to ask the Court to "order otherwise," at which time all parties in interest will have notice and an opportunity to be heard with respect to such request, and the issue can be joined for resolution by the Court *before* the Chapter 7 case is closed and the abandonment occurs by operation of law.

*In re Reiman*, 431 B.R. at 913.  *See also Potter v. Drewes* (*In re Potter*), 228 B.R. 422, 424 (B.A.P. 8th Cir. 1999) (affirming bankruptcy court's decision to close case but preserve estate's interest in unadministered asset with case to be reopened upon realization of the asset).

No such relief was sought or granted in the present case.  The trustee stated in the NDR that she was not abandoning the personal injury claim, but only the bankruptcy court had the authority to "order otherwise" to prevent abandonment.  *Olson v. Aegis Mortg. Corp. (In re Bloxsom)*, 389 B.R. 52, 62 (Bankr. W.D. Mich. 2008) ("The residential lot that Trustee now seeks to administer was deemed abandoned by operation of Section 554(c) and it remains abandoned notwithstanding Trustee's successful reopening of the case[.]").  The statement in the NDR alone did not suffice to preserve the trustee's right to pursue the claim on the bankruptcy estate's behalf.  Because no court order preserved the personal injury claim as an asset remaining with the trustee prior to the closing of the case, the bankruptcy court erred as a matter of law by holding that the trustee did not abandon the personal injury claim pursuant to 11 U.S.C. § 554(c).

### BWC Claim

The debtor acknowledges that the BWC claim was not specifically listed in his Schedules but asserts that the failure to list the BWC claim is not fatal and that this Panel can still find that the claim was abandoned.  In response, the trustee relies on 11 U.S.C. § 554(d) for the proposition that unscheduled assets are not abandoned.

Pursuant to 11 U.S.C. § 554(d), "[u]nless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."  In other words, if a debtor fails to schedule property, it is not abandoned upon closure of the case, but remains property of the estate.  *Vreugdenhill v. Navistar Int'l*

*Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991); *In re Haralambous*, 257 B.R. 697, 699 (Bankr. D. Conn. 2001).  That rule applies here.

While technically the debtor's unscheduled BWC claim was not abandoned by the estate, the bankruptcy court has the discretion to determine whether to order abandonment.  *In re DeGroot*, 484 B.R. 311, 322.  In *DeGroot*, this Bankruptcy Appellate Panel (Emerson, Harris, and Shea-Stonum, JJ) affirmed the bankruptcy court's conclusion that appropriate circumstances existed to "order otherwise" and deem the unscheduled asset abandoned.  *Id.*  In asserting that such circumstances exist in the present case, the debtor points to the trustee's knowledge of the unscheduled BWC claim.  However, "case law makes clear that a trustee's knowledge of an unscheduled asset will not, without more, re-vest it in the debtor at closing."  *In re DeGroot*, 460 B.R. 159, 170 (Bankr. W.D. Mich. 2011) (citations omitted).  Here, as in *DeGroot*, the trustee had knowledge of the BWC claim even though the debtor did not schedule it.  However, unlike the facts in *DeGroot*, there is no evidence in the record to suggest that the trustee should be judicially estopped from administering the claim as an asset of the bankruptcy estate. In *DeGroot*, the court found that the trustee's false certification of no assets—submitted despite the Trustee's efforts to partially administer the unscheduled asset and after providing notice of possible dividends as though the asset belonged to the estate—smacked of "cynical gamesmanship" warranting the application of judicial estoppel, thus prohibiting the trustee from administering the asset.  *Id*. at 171.  Noting the case's "unique circumstances," the court reasoned this result was necessary to preserve the integrity of the court and prevent injury to the debtor's ex-wife who had settled her claims with the debtor, not the trustee.  *Id*.  No such "unique circumstances" exist in the record of this case.  Accordingly, the bankruptcy court did not abuse its discretion by finding that the unscheduled BWC claim was not abandoned.

**Approval of Compromise**

The debtor argues that the bankruptcy court failed to take any evidence or any affirmative steps to apprise itself of all facts necessary to evaluate the settlement.  The trustee contends that the briefings and other documents in the record provided the bankruptcy court with a sufficient basis for approving the compromise.  The trustee also points out the debtor's failure to present any evidence to contradict that the settlement was fair or equitable.

For the reasons stated above, the primary error here is that the bankruptcy court allowed the trustee to settle a claim the trustee had abandoned. It is true that a trustee has the authority to seek a settlement of claims available to the estate and that the bankruptcy court "has significant discretion" to approve such settlement. Fed. R. Bankr. P. 9019(a); *Rankin v. Lavan & Assoc., P.C.* (*In re Rankin*), 438 F. App'x 420, 426 (6th Cir. 2011). However, this authority and discretion does not extend to the settlement of claims not available to the estate. The trustee could not settle the abandoned personal injury claim. For that reason, the bankruptcy court erred as a matter of law in entering an order approving the settlement.

Moreover, nothing in the record indicates that the bankruptcy court considered or determined whether the settlement was fair and equitable. *Reynolds v. C.I.R.*, 861 F.2d 469, 473 (6th Cir. 1988) (citation omitted) ("[B]ankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable."). The court made no findings to support approval of the settlement over the debtor's objections. Absent a record containing the bankruptcy court's reasons for evaluating and approving the settlement of the personal injury claim, the Panel must conclude that the bankruptcy court abused its discretion via the manner in which it approved the settlement.

## CONCLUSION

For the reasons stated, the bankruptcy court's order is AFFIRMED on the finding that the BWC claim was not abandoned and REVERSED on the finding that the personal injury claim was not abandoned. The bankruptcy court's order granting the motion to compromise is also REVERSED.